Rose T. Malaspina, as Successor Administratrix of the Estate of Peter A. Malaspina, Deceased, Respondent, v. Stephanie W. Gilbert et al., Appellants.— Appeal from judgment entered in the Ulster County Court in favor of the plaintiff and awarding damages against the defendants in an automobile negligence case. The accident happened on April 15, 1957 while the decedent was riding his bicycle along the right side of the road on Route 28 in the Town of Olive, Ulster County. The defendant driver Stephanie W. Gilbert was operating the automobile of the defendant Harold Brooks Gilbert in the same direction as the decedent and in attempting to pass the bicycle without having blown a horn and at an approximate speed of 45 miles an hour, there was a collision resulting in the death of the decedent. There was further testimony that the young lady was operating on a junior license and it was the first time she had been over the road. The exhibits in evidence show a straight, two-strip concrete highway with a center marking line and apparently on a slight upgrade. It was a clear, bright day and the testimony of the operator was that she saw the decedent on his bicycle when she was 500 feet distant from him. The jury returned a verdict in favor of the plaintiff administratrix in the amount of $28,000 and the appeal is on the grounds of negligence, contributory negligence and the amount of damages. As part of the plaintiff's proof a deposition of the defendant operator was read in evidence which established that she saw the decedent when she was 500 feet away; that at the time of the accident she was going approximately 45 miles an hour and at no time sounded a horn. She further testified that she was straddling the white line which was disputed by the testimony of the State Trooper as the marks he observed on the road were some distance from the white line. The credibility of the witness — defendant operator — was in issue. In death cases, the rule as to proof is not as stringent as otherwise but, in any event, we are satisfied that there was a sufficiency of evidence as to the question of negligence to sustain a verdict in favor of the plaintiff. The proof of contributory negligence was part of the defendants' case and was a question of fact for the jury. As to damages, while it might be said the amount is higher than under similar circumstances in some other case, we do not feel in the present day and age that the rule of comparison is the guiding one. The defendants in no way contradicted the testimony offered by the administratrix as to dependency and loss and under the circumstances, we are unable to say that the amount of the verdict was so "unconscionable" as to shock the conscience of the court. Accordingly, it should be affirmed. (*Coleman* v. *Southwick*, 9 Johns. 45.) Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.