■ In the Matter of the Claim of MARGARET ATKINSON, Respondent, v. MARQUETTE MANUFACTURING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision awarding benefits on account of decedent's accidental death, which occurred in Pennsylvania in the course of his employment, the sole issue here arising upon appellants' denial of New York jurisdiction. The employer's executive vice-president testified that decedent was the employer's regional manager in a territory comprising New York, New Jersey, Pennsylvania and the New England States; that the witness, as such executive vice-president, had supervision and control of decedent from the employer's main office at Minneapolis, Minnesota, from which office he was paid; that his last annual employment contract was signed by him in New York, where the witness had taken it when going to New York to attend a regional sales meeting, although previously his annual contracts had been signed in Minnesota; that decedent's headquarters in New York were in Syracuse initially and that later, when eastern Canada was excluded from his territory, he and his family moved to White Plains; that decedent worked from his home at or near White Plains, using company stationery upon which the business address was that of his home, and was paid his travel and similar expenses from and to his home; that decedent supervised the salesmen in his territory, including several in New York, from his home as well as by personal visitations, and as a result he handled " a lot of correspondence " at home; and, further, had supervisory control over the employer's New York warehouse and warehouse employees; that the employer was accustomed to designate the general area in which its regional manager might locate and in this case designated as decedent's headquarters the general area in which New York City is located, that area being particularly active and lucrative; that the employer paid the cost of liability insurance upon decedent's automobile and the business travel expenses of both his automobile and airplane, each maintained in New York. The employer's controller testified that the employer did not report decedent's earnings to the State of Minnesota, as it did in the case of employees actually working there, and that it carried workmen's compensation insurance upon decedent in New York; and, further, that it paid disability and unemployment insurance premiums in New York, but it does not appear whether this was done pursuant to section 201 (subd. 6, par. C, cl. [3]) of the Disability Benefits Law [Workmen's Compensation Law, art. 9], as contended by appellants, or in accordance with clause (1), as suggested by respondents. There was submitted upon the argument here, as documentary evidence tending to sustain the decision (see *Ripley* v. *Storer*, 309 N. Y. 506, 518, mot. for rearg. den. 1 N Y 2d 859; *Kirp* v. *Caleb's Path Realty Corp.*, 19 A D 2d 744, 745; *O'Connor-Sullivan* v. *Otto*, 283 App. Div. 269, 272), proof that in 1960 the employer (under the name appearing on the tax withholding slip covering decedent's last wages) applied for and received, and has not since surrendered, authority to do business in New York (General Corporation Law, § 210), and designated the location of its office within the State and an address therein for service of process, but we find consideration thereof unnecessary to our decision. In determining questions of jurisdiction dependent on the location of the employment, the courts have developed " an approach whereby certain factors tending to show substantial connection with this State are looked for in the factual patterns of each individual case. If sufficient significant contacts with this State appear so that it can reasonably be said that the employment is located here, then the

Workmen's Compensation Board has jurisdiction. * * * But at all times the determination as to the employment's location is governed by the facts of the particular case." (*Matter of Nashko* v. *Standard Water Proofing Co.*, 4 N Y 2d 199, 200–201.) In the case before us, there is to be found, in the proof which we have outlined, substantial evidence of contacts both significant and sufficient and the determination became a factual one which we are without power to disturb. Quoting *Matter of Alexander* v. *United Newspaper Mag. Corp.* (4 A D 2d 890, affd. 5 N Y 2d 820) somewhat out of context, appellants' brief seems to suggest that the evidence of control in Minnesota may be conclusive upon the issue of jurisdiction but, as *Nashko* (*supra,* p. 200) clearly holds, neither this nor any other single factor constitutes a "fixed, invariable touchstone by which the presence or absence of jurisdiction in cases like the present one may be determined." Further, the testimony before the board as to control by the home office was entirely conclusory and without factual detail and might be weighed by the board accordingly. As we said in *Alexander* (*supra,* pp. 891–892) : "The board's finding, which we have found unwarranted, is not aided by the conclusory statement that 'final supervision' was by the New York office. It may be presumed that ultimate control always exists at the highest level of authority but such control is not, of course, the test. Here the supervision and control necessary to the performance of the work were exercised by the employer's manager in Illinois and, accordingly, the employment was confined to the territory which he supervised and in which decedent worked." Equally important, perhaps, the element of supervision exercised from Minnesota might be found less significant than ordinarily, in the light of the proof that decedent was himself a supervisor, exercising, without the State of the corporate domicile, varied and substantial responsibilities; and thus decedent was comparable, not to the employee in *Alexander*, but to the employee's superior, whose supervision of the employee in the territory was a factor in establishing the situs of the employment there rather than at the home office. Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, Taylor, Aulisi and Hamm, JJ., concur.