Richard D. Simons, J.
This is a motion to strike out certain parts of plaintiffs’ complaint pursuant to CPLR 3024 (subd. [b]) on the grounds that the same are prejudicial matter unnecessarily inserted in the pleadings.
The action seeks to recover for personal injuries sustained by the plaintiff Irma D. English, and a derivative claim for damages sustained by her husband, by reason of a fall occurring January 26, 1965 on a public sidewalk in the City of Syracuse in front of premises owned by defendants Genovese.
The offending portions of the complaint are paragraph 30, which refers to Exhibit A, and Exhibit A, which is a photograph of the sidewalk in the front of defendants’ Genovese premises.
Pleadings shall contain a plain and concise statement of facts sufficiently particular to give the court and parties notice of the transactions and occurrences intended to be proved and the material elements of each cause of action. (CPLR 3013, 3014.) Motions to strike will be granted where it is shown that parts of the complaint are improper and prejudicial. (Schierenbeck v. John Krauss, Inc., 104 N. Y. S. 2d 180, affd. 278 App. Div. 856.) Evidentiary matter should not be pleaded.
*322 Clearly, this photograph is evidentiary in nature. It adds nothing to the complaint and can supply no factual averment necessary to sustain its validity. It neither avoids undue length nor prolixity in the pleading. The last sentence of CPLR 3014 referring to writings was intended to include writings as a part of the pleadings for all purposes, specifically to aid in a motion for summary judgment or to dismiss for insufficiency. (Cf. 3 Weinstein-Korn-Miller, par. 3014.14.) The section is limited to writings. No similar purpose is apparent in the use of the photograph. On the contrary, without a proper foundation for receipt of the picture in evidence, it is incompetent, and the defendants may be seriously prejudiced by reference to it if an effort is made to use the pleading in an opening or closing statement or if the pleadings are offered for the jury’s examination. (Cf. 3 Weinstein-Korn-Miller, par. 3024.12, pp. 30-411, 30-412.)
It is the argument of the plaintiffs that the photograph, while referred to in the complaint, is not actually a part of the complaint, but a part of the notice of claim filed with the municipality, and that the purpose of attaching it to the notice of claim was to avoid the danger of having the claim dismissed for failure to describe the location of the accident with particularity. The answer to that is simply that a copy of the notice of claim is not necessarily a part of the complaint. In any event, the ability of attorneys to sufficiently master the English language so as to enable them to describe the physical location of an accident certainly cannot have degenerated to such a degree that photographs are necessary parts of the pleadings.
The motion is granted in respect to Exhibit A, the photograph, and any reference to it contained in the complaint.