JOHN J. HOLLAND et al., Appellants, v. FLOYD BAKER et al., Respondents, et al., Defendants.

Third Department, June 5, 1968.

*E. Stewart Jones* for appellants.

*Friedman, Ladd & Maksail (Harold A. Friedman* of counsel), for respondents.

GIBSON, P. J. The plaintiffs in certain personal injury negligence actions appeal from an order of the Supreme Court at Special Term which granted a motion to strike from plaintiffs' bills of particulars certain color photographs annexed thereto which allegedly depict plaintiffs' personal injuries.

Respondents argue " that the purpose of attaching the pictures to the bills of particulars is in reality an attempt to get

them before the jury by other than accepted means.'' Appellants reply that although in any case '' the bill of particulars is before the Court it does not constitute proof of any fact and accordingly is not admissible in evidence as such; nor do photographs or any other exhibits become evidence by their attachment to a bill of particulars.'' We find the use of the photographs objectionable on somewhat broader grounds than those discussed by either party. The purpose of a bill of particulars is, of course, that of specification, in this instance with respect to the personal injuries and damages. pleaded; this by amplifying the pleading, defining the issues and limiting the proof, thereby enabling the adversary to prepare for trial, while secure from surprise, and at the same time aiding the court in the expeditious conduct of the trial; the purpose is not to produce evidence or to supply evidentiary detail. (See 6 Carmody-Wait 2d, New York Practice, § 36:3, pp. 181–182; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.03, 3041.11.) We doubt very much whether the attorneys who argue for the right to attach photographs to their bills of particulars would concede to their adversaries a reciprocal right to effectively demand the attachment thereto of all available photographs.

Inasmuch as the reception of evidence is always within the control of the trial court, we are less concerned with the possibility of an attempt to make improper use of a bill of particulars as evidence[*] than with appellants' departure in other respects from the concept and function of a bill of particulars. A bill of particulars in a personal injury action shall, upon demand, set forth a '' statement of the injuries and description of those claimed to be permanent '' (CPLR 3043, subd. [a], par. [6]). We do not believe that a pictorial representation constitutes a '' statement '' or a '' description '', within the intent of this provision. Otherwise, untoward results and frustrations of such intent are both possible and likely. Thus, for example, a similarly annexed photograph of a plaintiff's surgical operation might, to the eye of a particular medical expert testifying upon a trial, disclose or seem to disclose an injury or a condition not otherwise described in the bill of particulars, and one which was not, at the time of the service of the bill of particulars, suspected by plaintiff's then medical advisors or by those of his adversary; but the latter's claim of surprise might nevertheless be met by the assertion that the bill of particulars, insofar as con-

---

[*] See, e.g., *Sottosanti* v. *Slaff* (17 A D 2d 801) in which plaintiff's judgment was reversed because the reading of his bill of particulars to the jury was prejudicial to the defendant.

stituted by the photograph, contained the requisite "statement" and "description". Such a result would be manifestly unfair and prejudicial, the form of the prejudice differing from that of an inflammatory nature, to which respondents' argument is addressed, but being as real and substantial. Material which can become a meaningful statement or description only upon translation by experts does not serve the expository or other functions of a bill of particulars.

If a photograph is not attached for purposes of "description", in accordance with CPLR 3043, it would seem to serve no useful purpose at all; and neither in their answering affidavit, in their brief nor upon the oral argument did plaintiffs suggest any other legally recognizable purpose therefor. As was said in the case of an attempt to use a photograph for a purpose similar to, but more innocuous, perhaps, than the announced purpose here: "In any event, the ability of attorneys to sufficiently master the English language so as to enable them to describe the physical location of an accident certainly cannot have degenerated to such a degree that photographs are necessary parts of the pleadings." (*English* v. *Genovese*, 49 Misc 2d 321, 322.)

The order should be affirmed, without costs.

HERLIHY, REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Order affirmed, without costs.