■ FRANK E. LAZZARO, Individually and as Natural Parent of MICHAEL B. LAZZARO, Respondent, v JOSEPH W. SCHINZING et al., Appellants.—Judgment unanimously affirmed, without costs. Memorandum: The trial court properly refused to permit examination of plaintiff with regard to a subsequent accident in which plaintiff was involved where he claimed injury to his chest, but not to the cervical area and the area of the lower back opposite the hip. At the trial plaintiff testified only as to an injury to his lower back and knees. The trial court carefully determined the precise location of these injuries and correctly concluded that since the claimed injuries in the separate accident were different, the requisite inconsistency was lacking. There was, therefore, no proper basis for the admission of plaintiff's alleged prior inconsistent statement contained in his examination before trial in the other action. Had the trial court admitted such an

irrelevant transcript, it might well have prejudiced plaintiff's claim in the eyes of the jury. Further, defendant demonstrates no prejudice since he had ample opportunity to cross-examine plaintiff's doctor or offer contrary medical testimony to establish his contentions. The court below correctly refused to limit plaintiff's recovery to the $3,000 stipulated in the *ad damnum* clause only as a condition for submission of the claim to arbitration. Since defendants were not satisfied with the arbitration award to plaintiff and wanted a trial *de novo,* they cannot limit the jury verdict to the stipulated amount, applicable only to the arbitration proceeding. Finally, we see no reason to substitute our judgment for that of the jury where it is not so excessive as to shock our conscience. (Appeal from judgment of Monroe County Court affirming a judgment of City Court of Rochester in automobile negligence action.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.