### (December 20, 1976)

■   James L. O'Hearn, as Father and Natural Guardian of Debra O'Hearn, an Infant, Appellant, v David O'Hearn, Respondent. James L. O'Hearn, Appellant, v David O'Hearn, Respondent.—Appeal from a judgment of the Supreme Court, entered January 19, 1976 in Clinton County, upon a verdict rendered at a Trial Term in favor of defendant. On January 7, 1973, Debra O'Hearn sustained personal injuries when a snowmobile on which she was a passenger collided with an automobile owned and operated by the defendant. The accident occurred as Jose Rodriguez was operating the snowmobile uphill on a road and the defendant immediately preceding impact was proceeding down the hill in his car. As between the two operators and their actual negligence, the question was whether or not the defendant's vehicle was on its own side of the highway and the trial court so charged the jury. The plaintiff, James O'Hearn, commenced separate actions against the defendant seeking for himself derivative damages based on the loss of services of his daughter, Debra, and medical expenses he incurred on her behalf. In the action on behalf of his daughter he sought damages for her personal injuries. The plaintiff submitted a bill of particulars in response to a demand for bills of particulars that, *inter alia,* requested a statement as to: (1) each and every injury sustained by Debra; (2) each and every permanent injury and the nature and extent of such permanency; and (3) the dates and place of hospitalization. The response to those demands consisted of attaching hospital and medical records to the bill of particulars. The defendant's attorney over objection read a portion of the attached hospital records to the jury in his summation. The plaintiff testified that he was not an eyewitness to the accident, but that after the collision the defendant told him "I hit her". The operator of the snowmobile, Jose, testified that at the time of the accident he was on the right side of the road, going about 10 or 15 miles per hour when he got hit. Jose also testified that he had not seen a sign on the area where he operated the machine saying it was designated for snowmobiles. Jose further testified that he did not know if the place where the accident occurred was a road or a driveway. The infant plaintiff, Debra, testified that the place where the accident happened was a road with a few trailers located thereon. In her opinion the snowmobile was in the middle of the road when they saw the car coming and then they got over to the right and the car hit them. The defendant testified that he had stopped his car before the impact on his own side of the road. He also testified that he had been going only five miles per hour and that after the accident, the operator apologized to him for hitting his car. The plaintiff's attorney objected to any statement by the snowmobile operator as it was hearsay. The trial court first struck the statement, but then

admitted it as an impeachment of the testimony of Jose Rodriguez and then finally found it admissible as a "declaration against interest". Another witness, Marion Lord, also testified for the defendant that she had heard Jose Rodriguez after the accident say he was "sorry". The plaintiff objected to it upon the ground of hearsay, but the court admitted it as a declaration against interest. An eyewitness to the accident testified that the defendant's car was stopped on its own side of the highway when the snowmobile came and struck it. Upon this appeal the plaintiff contends that the trial court erred in admitting the hearsay statements of Jose Rodriguez referred to hereinabove. While declarations against interest are admissible as an exception to the hearsay rule, the present record does not establish any basis for the application of that exception. The plaintiff properly objected to the evidence as hearsay and there was no further need for him to specify grounds of inadmissibility when the Trial Justice admitted the evidence as an exception to the hearsay rule. It appears that the trial court withdrew its first finding of admissibility based upon impeachment after the plaintiff objected to a lack of a proper foundation. It is established that the trial court committed error and that such error was properly preserved by objection for review upon this appeal. The defendant in his direct testimony was asked by his attorney if at an examination before trial he had stated that he was going 40 miles per hour before he saw the snowmobile. The plaintiff objected to such questioning but the court allowed it and the defendant testified that the examination before trial was in error, that he had only been going five miles per hour and that he had not stated that he was going 40 miles per hour. Such a use of an examination before trial upon the direct testimony of a party is erroneous, although it would not usually be prejudicial and of itself is not in this case (see *Mravlja v Hoke,* 22 AD2d 848, affd 17 NY2d 822). However, the court permitted the defendant's attorney to become a witness for the purpose of bolstering the defendant's assertion that he had not said he was going 40 miles per hour and without requiring the attorney to testify under oath. While the plaintiff did not object to the lack of an oath at the time the court permitted the attorney to testify, the objection was properly made in a motion for a mistrial or to strike prior to the close of the case and while the witness was available. Furthermore, the court made it clear that it was knowingly dispensing with the oath. In this particular case that was error and the error was not waived by plaintiff (cf. *People ex rel. Niebuhr v McAdoo,* 184 NY 304). The erroneous use of the examination before trial when coupled with the unsworn bolstering testimony was prejudicial in this case. The question of defendant's speed was one which would have a bearing on the all important issue of credibility in this case. Lastly, the defendant in this case read the hospital records attached to the bills of particulars to the jury in his summation over the objection of plaintiff that the matter was not in evidence. The trial court ruled that examinations before trial are a part of the pleadings and, therefore, automatically in evidence. However, that is not the rule *(B. & F. Leasing Co. v Ashton Cos.,* 42 AD2d 652, 653; *Holland v Baker,* 30 AD2d 136, 137). Nevertheless, where a party makes a statement in a verified bill of particulars which is contrary to his proof at trial, it can be utilized as evidence. In *Owen A. Mandeville, Inc. v Zah* (38 AD2d 730, 731, affd 35 NY2d 769) the court in dictum held that a contradictory statement in a verified bill of particulars could be read on summation. Assuming that in general a statement in a verified bill of particulars may be read on summation for the purpose of impeachment, the present statement did not qualify. The report attached to the bill of particulars was

clearly not one made by the plaintiff and it was not furnished or made for the purpose of establishing the cause of action or any necessary element thereof insofar as negligence is concerned. Under such circumstances it was not contradictory to anyone's testimony as a statement made by the defendant or offered by the plaintiff in regard to negligence. The court erred in admitting the statement in evidence upon the summation and any reference to such statement in the summation in this case as bearing upon negligence would have been error. The defendant in his brief emphasizes that the plaintiff failed to file an appeal from the judgment dismissing the complaint in the action for personal injuries on behalf of his daughter. The rule is that when an infant would have no cause of action for injuries, a parent would be barred from a recovery on a derivative cause of action (see *Kotary v Spencer Speedway*, 47 AD2d 127). It thus appears that the plaintiff might be barred from a new trial because his daughter's cause of action is apparently barred by the failure to take an appeal. On October 14, 1976 this court denied a motion by the plaintiff which sought permission to file an amended notice of appeal or a late notice of appeal referring to the infant's judgment. In the present case, the appeal from the judgment in the derivative action would of necessity have intended to be an appeal in the infant's action as well. The fact that only the judgment in the derivative action is specified is deemed an unintentional error or inadvertence, there being no reason to not assume proper notice on the part of the defendant. While inadvertence would not serve as a basis for *initiating* an appeal at this late date, the construction of the appeal taken as necessarily including the infant's case is not inconsistent with the notice of appeal as filed. Accordingly, the prior decision of this court refusing any relief which would result in initiating an appeal from the infant's judgment does not preclude construing the instant appeal as necessarily including the infant's judgment. There can be no doubt that the plaintiff had an absolute right to initiate his appeal in the derivative action and the present situation is not unlike cases including cross claims among various parties involving joint liability where a reversal on the appeal by one party often results in a new trial for all parties. The rule which bars a parent from asserting a derivative action as referred to in the case of *Kotary v Spencer Speedway (supra)* is applicable only when the parent seeks to commence an action or when a Statute of Limitations is involved. In the present case the derivative action was properly commenced and events subsequent to trial involving solely the infant's cause of action cannot terminate the derivative action. Judgment reversed, on the law and the facts, and a new trial granted as to both the infant's cause of action and the plaintiff's derivative cause of action, with costs to abide the event. Koreman, P. J., Mahoney and Herlihy, JJ., concur; Kane and Main, JJ., dissent and vote to affirm in the following memorandum by Main, J.: We dissent and would affirm. The plaintiff O'Hearn brought both a derivative action and an action on behalf of his infant daughter. The jury returned an unanimous verdict of no cause for action. Both actions were instituted individually by separate summonses and complaints and two separate judgments were rendered. The only notice of appeal filed was from the judgment in the derivative action. Upon discovery of this omission, plaintiff sought leave to amend the notice of appeal or, in the alternative, to file a late notice of appeal from the judgment in the infant's action and the motion was denied and properly so. We conclude that the plaintiff's failure to appeal from the judgment rendered in the infant's action establishes his inability to recover from the defendant, for it is clear that: "An action by a parent to recover pecuniary loss sustained by reason of injuries inflicted

upon his child is derivative in nature to the extent that it depends upon the right of the child to recover for his injuries *(Reilly v. Rawleigh,* 245 App. Div. 190, 191). Such cause of action by a parent draws its life from the existence of the cause of action which inures to the benefit of the infant *(Gergetti v. 29 Holding Corp.,* 31 N. Y. S. 2d 998, 1000)." *(Kotary v Spencer Speedway,* 47 AD2d 127, 129.) Briefly translated, if an infant cannot recover in an action brought by her against the defendant, then her father cannot succeed upon his derivative cause of action against the defendant *(Reilly v Rawleigh,* 245 App Div 190, 191; *McNally v Addis,* 65 Misc 2d 204, 225; 15 NY Jur, Domestic Relations, § 407). The majority would now excuse the failure to file a notice of appeal deeming it an unintentional error or inadvertence. We perceive no authority for such a determination. The general equitable power conferred by statute on courts to extend the time fixed for doing any act (CPLR 2004) does *not* include the taking of an appeal, since it is expressly provided that no extension of time to take an appeal can be granted except as specifically provided (CPLR 5514, subd [c]; see 10 Carmody-Wait 2d, NY Prac, § 70.119, p 380). The exceptions to the "no extension" rule are set forth in CPLR 1022, 5514 and 5520 (e.g., death or disability of attorney, substitution of attorney, etc.). The only exception which could arguably apply is CPLR 5520 (subd [c]), but it deals with defects in form and presumes the existence of a timely filed notice of appeal and, therefore, provides no relief for the appellant here. In conclusion, we are constrained to conclude that plaintiff's omission to file a notice of appeal from the judgment in the infant's action is a jurisdictional defect (see *Ocean Acc. & Guar. Corp. v Otis Elevator Co.,* 291 NY 254) which the court may not remedy even though the error is understandable and the circumstances somewhat compelling (see, e.g., *Pollak v Port Morris Bank,* 257 NY 287). We would affirm.