■ DANIEL STARKS, Respondent, v LIONEL POULEIN, Appellant, et al., Defendants.—Appeal from a judgment of the Supreme Court, entered December 15, 1975 in Saratoga County, upon a verdict rendered at a Trial Term in favor of plaintiff. The essential facts are not in dispute. The accident occurred on the Crescent Bridge on US Route 9 in Albany County when the vehicle of the defendants Werneburg, in which the plaintiff was riding as a passenger, struck the vehicle of the defendant Lionel Poulein. The last named defendant had brought his car to a stop in the left southbound lane and was facing southeasterly at an angle as if to make a left turn when it was struck in the rear by the Werneburg vehicle which was also proceeding south in the same traffic lane. In apportioning liability between the defendants the jury determined that the defendant Lionel Poulein was 50% at fault for the accident, obligating him to pay one half of the verdict rendered in favor of the plaintiff. The central issue raised on this appeal is whether the trial court's charge relative to certain provisions of the Vehicle and Traffic Law constituted reversible error requiring a new trial. Subdivision (a) of section 1201 of the Vehicle and Traffic Law reads as follows: "Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway." In charging the section the court omitted the words "park" and "leave standing", and also omitted the portion that states "an unobstructed width of the highway opposite a standing vehicle shall be left free for the passage of other vehicles". Counsel for the defendant Poulein contends that he was deprived of the opportunity to request that the statute be read to the jury in its entirety due to the failure of the trial court to refer to it by section number; and that if the statute had been referred to by its number he would also have had an opportunity to request that the statutory definition of the word "stop" be charged. We are not persuaded by this argument. Obviously, counsel had ample opportunity to examine the applicable statutes under the facts of this case. It is clear that, in the absence of an exception or a request, the failure to read subdivision (a) of section 1201 in its entirety to the jury, or to charge the definition of "stopping" (Vehicle and Traffic Law, § 147), could not be regarded as reversible error (*Mravlja v Hoke,* 22 AD2d 848, affd 17 NY2d 822; CPLR 5501, subd [a], par 3). Furthermore, an examination of subdivision (a) of section 1201 reveals that the words and portions of the provision omitted by the trial court would not be applicable or necessary for consideration of the instant case. The argument that any negligence on the part of the defendant Poulein was not a proximate cause of the accident is equally without merit. Under the facts of this case, the jury could have reasonably found that the stationary presence of his vehicle in the left lane on the highway was a proximate cause of the accident. Finally, we see no reason to disturb the amount of the jury's verdict, which in view of the seriousness of the injuries, is not so excessive as to shock the conscience of the court (*Lazzaro v Schinzing,* 49 AD2d 1006, 1007; *Malaspina v Gilbert,* 9 AD2d 842). The other contentions raised on this appeal are insubstantial and do

not require discussion. Judgment affirmed, with costs. Koreman, P. J., Greenblott, Sweeney, Main and Herlihy, JJ., concur.