OPINION OF THE COURT
Edward J. Greenfield, J.
Does that which we call a rose by any other name smell as sweet? (Shakespeare, Romeo & Juliet, act II, scene ii.)
Defendant Center’s motion to reargue the prior order of this court dated October 10, 1979 which denied its motion to amend its answer is granted.
This action for breach of contract and fraud arises out of a 1975 tour to East Africa, Kenya and Tanzania.
Following the untimely death of plaintiff’s counsel and substitution of present counsel in 1979, plaintiff moved for summary judgment predicated in part upon a brochure naming the defendant, Center of Modern Psychoanalytic Studies (Center) as “Sponsor” of said tour. That motion was denied by order of Mr. Justice Michael J. Dontzin, dated September 19, 1979, stating, inter alla, “That there are issues of fact presented relative to * * * what the relationships of the party-defendants were in the instant transaction * * * which * * * must await the trial”.
In seeking reargument, the Center contends that a new theory of liability predicated upon the use of the word “sponsor” is now being asserted and requests leave to interpose various affirmative defenses.
*938 The plaintiff, in opposition, has attempted to charge defendant Center with knowledge of this theory by pointing to the brochure naming the defendant Center as sponsor submitted to all the defendants as part of a bill of particulars in 1976. Plaintiff argues this brochure was obviously an integral part of his complaint and that the defendant Center is guilty of undue delay in failing to raise these defenses earlier. It should be noted, however, that except to the extent that plaintiffs assert that their motion for summary judgment was predicated upon the Center’s original answer, no claim of prejudice is made. At least with respect to that proposed affirmative defense which confronts the new theory of liability head-on, such contention is without merit. The purpose of a bill of particulars is to amplify the pleadings, define the issues and give the parties an opportunity to secure information concerning their opponent’s case. (Holland v Baker, 30 AD2d 136; Belott v State of New York, 40 AD2d 729.) Moreover, ours is an adversarial system and a defendant is not required to educate a plaintiff by interposing answers to new and/or different theories of liability which his scrutiny of a bill of particulars may reveal as available, but which the plaintiff has, for presumably tactical purposes, elected not to assert.
A perusal of the complaint reveals liability is alleged .upon the grounds that defendants “devised, organized, planned and arranged a package trip” and “induced plaintiffs to purchase” same. To assert a “sponsor’s” liability, however, may be distinguishable. “Sponsor”, though commonly used interchangeably with “promotor”, “supporter”, or “advocate” (Webster’s New World Thesaurus) is more properly defined as “one who binds himself to answer for another’s default: [a] surety * * * one who without request intervenes in behalf of another”. (Webster’s Third New International Dictionary, p 2204; accord Black’s Law Dictionary [4th ed].)
This court is cognizant of the increasing impreciseness with which language is employed as well as the occasionally imaginative utilization of time-worn words to fit new factual or conceptual circumstances. However, the most liberal construction of the instant pleadings does not permit this court to ignore the proper usage, especially where *939 as here, the distinction gives rise to different theories of liability.
CPLR 3025 (subd [b]) directs that leave to amend the pleadings be “freely given upon such terms as may be just”. The matter of allowing an amendment is committed to the court’s discretion with the widest possible latitude extended to the court. (Murray v City of New York, 43 NY2d 400.)
In view of the foregoing, the defendant Center’s motion for reargument is granted and upon such reargument leave to amend its answer is granted to the following extent: The defendant Center may serve a verified amended answer asserting that proposed affirmative defense which directly confronts the sponsor’s liability and has heretofore been designated in defendant Center’s prior application as a proposed second affirmative defense. Such service shall be made within 10 days after publication of this decision and order (one paper).
In all other respects, defendant Center’s motion is denied.
The plaintiffs’ cross motion for $1,500 as and for costs and attorney’s fees is patently absurd and is denied in all respects.