■ In the Matter of the TRUSTEES OF UNION COLLEGE, Respondents, v BOARD OF ASSESSMENT REVIEW OF THE CITY OF SCHENECTADY et al., Appellants. — Appeal (1) from a judgment of the Supreme Court at Special Term (Graves, J.), entered March 6, 1981 in Schenectady County, which granted petitioners' application, in a proceeding pursuant to article 7 of the Real Property Tax Law, to allow a parcel of real property located at 1034 Douglas Road tax-

exempt status, and (2) from a judgment of said court, entered March 6, 1981 in Schenectady County, which granted petitioners' application in a proceeding pursuant to article 7 of the Real Property Tax Law, to allow a parcel of real property located at 1044 Douglas Road tax-exempt status. Petitioners are the trustees of Union College, a not-for-profit corporation organized exclusively for educational purposes. The college campus consists of approximately 101 acres located in the City of Schenectady. We are here concerned with the city's taxation of two adjoining lots located at 1034 and 1044 Douglas Road in Schenectady. These lots are situated across a street from the central campus and are presently vacant. The instant proceedings were separately commenced pursuant to article 7 of the Real Property Tax Law to have the tax assessment on each lot declared illegal and to have each lot restored to a tax-exempt status. Special Term granted petitioners' applications and this appeal by respondents ensued. Initially, petitioners contend that respondents have failed to perfect an appeal in Proceeding No. 1 concerning the lot located at 1034 Douglas Road. We agree. It is significant that we are concerned with two separate proceedings and judgments, one for each property. The single notice of appeal refers only to the lot at 1044 Douglas Road in the body of the notice. The appeal in Proceeding No. 1, therefore, must be dismissed (CPLR 5515; cf. *Ocean Acc. & Guar. Corp. v Otis Elevator Co.,* 291 NY 254; *Town & Country House & Home Serv. v Newbery,* 25 AD2d 875). We are not unmindful of *O'Hearn v O'Hearn* (55 AD2d 766) decided by this court. That case, in our view, is distinguishable. While the father's derivative action in *O'Hearn* was a separate claim from that of his infant daughter, it was nevertheless contingent on the daughter's case. Unless the daughter was successful in her case the father had no case (*O'Hearn v O'Hearn, supra,* p 768). Consequently, when this court reversed the adverse decision in the father's action and ordered a new trial, such determination, on our part, would be meaningless unless the daughter's action was also viable. Thus, we ordered a new trial in both cases even though the daughter failed to appeal. In the instant case, however, there is no such contingent liability. Although pursuant to the stipulation of the parties the issues are identical, the actions may proceed separately and are not dependent on one another for success or failure. We now pass to a consideration of the remaining property which is the subject of Proceeding No. 2. The record reveals that when the case was called for trial, petitioners' attorney stated that the college was not presently physically occupying the lots in question nor utilizing them for a specific purpose. He further stated that it was petitioners' contention that these properties are an integral part of the future plans and development of this educational institution and as such are entitled to tax-exempt status. The parties agreed that the issue presented was one of law for the court to resolve. No testimony was taken. The court, in agreeing with petitioners that the properties were tax exempt, stated that the lots are currently used "for play, parking or just to walk across", and are not used for any purpose other than "in conjunction with the educational purposes of the college". The parties had entered into a valid stipulation which limited the court's review to the question of law regarding petitioners' future plans for the lots as qualifying them for tax-exempt status. The parties to a lawsuit are free to chart their own course and may fashion the basis upon which a particular controversy will be resolved (*Cullen v Naples,* 31 NY2d 818, 820). The court's conclusion based on its findings regarding the current use of the lots was, therefore, error (see *Biener v Hystron Fibers,* 78 AD2d 162). The determination was contrary to the parties' stipulation. Furthermore, there is nothing in the record to justify this factual finding and this court is restricted to matters in the certified record on appeal (*Mulligan v Lackey,* 33 AD2d 991). This court,

however, may affirm the judgment based on a theory different from that relied upon by Special Term (*Mailloux v Spuck*, 87 AD2d 736). Since the stipulation in the present proceeding narrows the issue to one of law, this court will decide the issue on the merits in the interest of judicial economy. The question, as framed by the parties in the stipulation, is whether the status of the lot as "an integral part of the future plans and development" of Union College qualifies the lot for tax-exempt status. Due to this stipulation, respondents may not now question the lack of proof in the record concerning the future plans for the lot in question (see *Biener v Hystron Fibers*, 78 AD2d 162, *supra*). Where real property from which no revenue is derived is not in tax-exempt use due to the absence of suitable buildings or improvements thereon, a tax exemption will still be granted if the construction of such buildings or improvements is in progress or is in good faith contemplated (Real Property Tax Law, § 420, subd 3). Thus, in our opinion, the lot at 1044 Douglas Road as described in the stipulation qualifies for tax-exempt status pursuant to this provision. Accordingly, the judgment in Proceeding No. 2 must be affirmed. Appeal from judgment entered in Proceeding No. 1 dismissed, without costs. Judgment, in Proceeding No. 2, affirmed, without costs. Mahoney, P. J., Sweeney, Yesawich, Jr., Weiss and Levine, JJ., concur.