STATE OF NEW YORK, Respondent, v PEERLESS INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant. DOVER FRANKEL et al., Third-Party Defendants-Appellants.

Third Department, May 29, 1986

## APPEARANCES OF COUNSEL

*Gottesman, Wolgel, Smith & Secunda, P. C. (Lawrence L. Flynn* of counsel), for defendant and third-party plaintiff-appellant.

*Proskauer, Rose, Goetz & Mendelsohn (William R. Kutner* of counsel), for third-party defendants-appellants.

*Robert Abrams, Attorney-General (Denise A. Hartman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

On this appeal, defendant and third-party defendants con-

tend that plaintiff's cause of action is barred by the Statute of Limitations. Resolution of this issue requires determination of when the cause of action accrued.

In 1975, Good Spirits Distributing Corporation (Good Spirits) was issued a license to distribute liquor in this State. Pursuant to Tax Law § 422, the State required Good Spirits to post a surety bond to secure future payment of the alcoholic beverage taxes due under Tax Law article 18. Defendant issued a bond for $25,000 as surety for Good Spirits. In August 1976, Good Spirits filed a bankruptcy petition and, shortly thereafter, defendant terminated its liability under the bond for future taxes due.

On December 2, 1976, following a field audit, the Department of Taxation and Finance issued Good Spirits a 10-day notice to file a corrected return for an additional tax due of $86,890.86, plus interest and penalty (see, Tax Law § 430, as amended by L 1975, ch 455). Additionally, Good Spirits was issued a notice of determination of tax due in the amount of $31,392.12, plus a penalty for returns filed without remittance. The Department made its first demand on defendant for payment based upon these deficiencies on March 18, 1977. The notice of determination of tax due for the $86,890.86 plus interest and penalty was allegedly issued on October 19, 1977. Good Spirits requested that the Department forego collection under the bond because such action would frustrate the progress being made in the bankruptcy proceedings. The Department agreed to forego its collection efforts and notified defendant of this agreement.

In the bankruptcy proceedings, both the Department and defendant filed proof of claims against Good Spirits. Thereafter, Bankruptcy Court fixed the amount of the Department's claims. Being unable to collect from Good Spirits, the Department in 1982 made a demand for payment under defendant's bond. Defendant refused payment and plaintiff commenced this action on May 10, 1983. Following commencement of a third-party action by defendant, third-party defendants moved for summary judgment on the ground that the main action was barred by the Statute of Limitations. Plaintiff cross-moved for summary judgment against defendant.

The papers plaintiff submitted to Special Term indicate that its primary argument before that court regarding the Statute

of Limitations was that defendant and third-party defendants should be equitably estopped from pleading the Statute of Limitations as a defense. Defendant contended that the action accrued at the time Good Spirits defaulted, allegedly more than six years prior to the commencement of this action. Special Term adopted neither theory, holding instead that the cause of action accrued upon defendant's refusal to pay. Although the court was not clear as to that date, it held that, in any event, it occurred within the six-year period prior to the commencement of this action. Hence, Special Term refused to dismiss the action based on the Statute of Limitations and went on to grant summary judgment to plaintiff. Defendant and third-party defendants have appealed.

■ The parties agree that the six-year period of CPLR 213 (2) is the governing Statute of Limitations. Defendant contends that since plaintiff did not argue before Special Term that the cause of action accrued 90 days after the issuance of the notice of determination, it should not be allowed to do so on appeal. We disagree. The Statute of Limitations is an affirmative defense and the burden of proving it is upon the party seeking to use it (CPLR 3018 [b]; *Martin v Edwards Labs.,* 60 NY2d 417, 428; *Connell v Hayden,* 83 AD2d 30, 39). It was incumbent upon defendant to establish the applicability of the legal theory advanced in support of its affirmative defense. Additionally, this court may affirm on a theory different from the one previously argued or relied upon by Special Term *(see, Sega v State of New York,* 60 NY2d 183, 190, n 2; *Matter of Trustees of Union Coll. v Board of Assessment Review,* 91 AD2d 713, 714-715).

We turn now to the merits of the affirmative defense. The language of the suretyship contract leads to the conclusion that defendant was a guarantor of payment *(see, State of New York v Peerless Ins. Co.,* 108 AD2d 385, *affd* 67 NY2d 845). The liability of a surety who is a guarantor of payment accrues upon the default of the principal *(General Phoenix Corp. v Cabot,* 300 NY 87, 92). The Statute of Limitations generally begins to run when a plaintiff possesses the legal right to be paid and to enforce its right to payment in court *(City of New York v State of New York,* 40 NY2d 659, 668; *cf. Aetna Life & Cas. Co. v Nelson,* 67 NY2d 169, 175-176). Since Good Spirits' default is the condition which gave rise to a cause of action against defendant, we must determine when that default occurred.

■ Tax Law § 430 provides that a notice of determination be

served upon the delinquent or deficient taxpayer. Once served, the taxpayer has 90 days in which to apply to the State Tax Commission for a hearing. If no such application is made, the tax becomes "finally and irrevocably fix[ed]" (Tax Law § 430). Once the tax is fixed, the Attorney-General is entitled to obtain relief in court (Tax Law § 431). Until that time, Good Spirits could have challenged the amount of tax assessed; therefore, defendant's liability as surety was not fixed until the tax became finally and irrevocably fixed (cf. *City of New York v State of New York, supra,* p 668). Hence, the default occurred 90 days after the issuance of the notice of determination, and the Statute of Limitations commenced running at that time.

Having determined that the action accrued and the Statute of Limitations commenced running 90 days after the notice of determination was issued, we turn next to the question of when the notice of determination was issued. On appeal, plaintiff has submitted for the first time the notice of determination, which shows an amount due of $86,890.86 and is dated October 19, 1977.

■ Defendant and third-party defendants object to our consideration of the document. But, "[f]or the purpose of sustaining a judgment, incontrovertible, documentary evidence dehors the appeal record may be received by an appellate court" (*Kirp v Caleb's Path Realty Corp.,* 19 AD2d 744, 745; *accord, Dunford v Weaver,* 84 NY 445, 451; *cf. Matter of Atkinson v Marquette Mfg. Co.,* 24 AD2d 795). Neither the authenticity nor the accuracy of the document is disputed. The document is accordingly received (*see, Matter of Dwyer,* 57 AD2d 772, *lv denied* 45 NY2d 709 [official document of Internal Revenue Service, not in record on appeal, considered by court]). To do otherwise would unnecessarily delay the proceedings. We can finally determine the Statute of Limitations issue with confidence that the factual information before us is complete.

■ The notice of determination is dated October 19, 1977. Thus, the cause of action accrued 90 days after that date, on January 17, 1978. Plaintiffs commenced this action on May 10, 1983, within six years of the accrual of the cause of action. Accordingly, the cause of action is not time barred as to the $86,890.86 deficiency of Good Spirits.

Having determined that the action is not time barred as to the $86,890.86 tax liability, it is not necessary for this court to

address the other issues raised by the parties, since plaintiff seeks relief only to the extent of the surety bond amount of $25,000 plus interest.

MAIN, J. P., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Order and judgment affirmed, without costs.