## (March 16, 1955.)

■

In the Matter of the Estate of GUIDO PERNISI, Deceased.  FRONIA MAHAR, Appellant; ROMANO PERNISI, as Administrator of the Estate of GUIDO PERNISI, Deceased, Respondent.

*Per Curiam.*  We think the evidence supports a finding that the decedent delivered the savings bank book to the appellant with the intent to make a gift and that thereupon the gift was consummated.  (See *Ridden* v. *Thrall*, 125 N. Y. 572, and *Matter of McCredy*, 274 App. Div. 363, motion for leave to appeal denied 299 N. Y. 799.)  Testimony by his nurse and by Miss Johnston, a mutual friend of the decedent and the appellant, evidenced his intention to make the gift.  Such a gift need not be established beyond all suspicion but by a fair preponderance of the evidence after carefully scrutinizing the same (*Ward* v. *New York Life Ins. Co.*, 225 N. Y. 314).  Subsequent to the delivery of the passbook the decedent executed and acknowledged a power of attorney constituting the appellant his true and lawful attorney " in his name, place and stead, to pay all just debts, past and future of said GUIDO PERNISI, to withdraw any and all funds said GUIDO PERNISI might have on deposit in any or all banks and giving and granting unto FRONIA MAHAR SAID ATTORNEY FULL POWER AND AUTHORITY TO DO AND PERFORM all and every act or thing whatsoever requisite and necessary to be done in and about the premises ".  The commissioner of deeds who took the acknowledgment testified that he asked the decedent if he understood what the paper was and that the decedent replied, " Yes, it is so Fronia can get the money out of the bank."  He further asked, " Is it to pay your bills ? " and decedent replied, " No, so she can have it in case anything happens to me."  The decision of the Acting Surrogate indicates that he was of the opinion that the written power of attorney was inconsistent with an intention to make a gift.  In our view of it the power of attorney was not limited to paying debts of the decedent and was not inconsistent with decedent's statements of his intentions to make a gift.  Although there is evidence that the decedent was at the time in a weakened physical condition and that at times he was mentally disoriented, still there is no evidence of lack of mental capacity at the time of the acts and conversations constituting the alleged gift.

The order appealed from should be reversed and petition dismissed.

All concur, except Vaughan and Van Duser, JJ., who dissent and vote for affirmance. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Order reversed on the law and facts, without costs of this appeal to either party, and petition dismissed.