■ ROSE A. OVERBAUGH, Respondent, v. EMORY TRANSPORTATION Co. et al., Appellants.— Appeal from a judgment in favor of the plaintiff, entered in the Ulster County Clerk's office upon the verdict of a jury rendered upon a trial in the Supreme Court, Ulster County. The action was brought to recover for personal injuries sustained by the plaintiff who, while a passenger in a car owned and operated by her husband, was injured as a result of a collision between her husband's car and a tractor-trailer owned and operated by the defendants. Earlier in the day, the driver of the tractor-trailer had had minor engine trouble. He reported this by telephone and then continued to drive at normal speed toward his destination until, by arrangement, he met a small truck driven by his "boss" coming toward him in the opposite direction. He stopped the tractor-trailer partly on the shoulder but with three or four feet jutting out into the highway. He then left his cab and went over to the small truck which had been stopped on the shoulder of the highway on the opposite side, and he stood in the highway, talking to his "boss". A few minutes later, the automobile in which the plaintiff was a passenger reached the scene. The driver pulled out to pass the tractor-trailer, but another car came along in the opposite direction and,

to avoid a collision with it, he pulled back to the right and collided with the rear of the tractor-trailer. The question of the defendants' negligence, under the circumstances, and of the causal connection of such negligence with the occurrence of the accident constituted questions of fact which were fairly submitted to the jury. The driver of the plaintiff's car may have been guilty of contributory negligence but that, of course, was not chargeable to the plaintiff. The jury's verdict in favor of the plaintiff was not against the weight of the evidence. The defendants raise a question as to a ruling by the court upon the admission of evidence. Plaintiff's husband was an old man, being over seventy-seven years of age at the time of the trial. He had been injured in the accident and his physical appearance at the time of the trial might well have raised a question in the mind of the jury as to his ability to drive a car. The court allowed witnesses who had known the plaintiff's husband prior to the accident to testify that they had observed him on various occasions, driving a car, walking about " with a firm step ", and performing manual labor and that they had talked to him and found his voice firm and strong. The evidence was received for the limited purpose of tending to show that the plaintiff was not guilty of personal contributory negligence in riding as a passenger in a car driven by her husband. No evidence was admitted as to the exercise of care by the plaintiff's husband in his driving of an automobile prior to the occurrence of the accident; the proof was limited to a showing that he was physically able to drive an automobile. So limited, we do not believe that the admission of the evidence was erroneous. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.