In the Matter of Edna M. Drew et al., as Administrators of the Estate of Frances Rinchiuso, Also Known as Frances Carruba, Also Known as Frances Gennuso, Deceased, Respondents. Margaret Petrella et al., Appellants.

Fourth Department, February 20, 1964.

*Brennan & Brennan* (*William R. Brennan* of counsel), for appellants.

*Desmond & Drury* (*Edward J. Desmond* of counsel), for respondents.

*Per Curiam.* This appeal is from a decree of Erie County Surrogate's Court which directed appellants to restore to the administrators of decedent's estate moneys withdrawn from her bank accounts by them about one month before she died. Appellants allege that decedent gave the bank accounts to them and the burden rests upon them to prove by a fair preponderance of evidence that decedent possessed sufficient mental capacity to make the gifts in question and that she intended to

make an absolute and complete present transfer of the subject matter of the gifts to them. (*Matter of Pernisi,* 285 App. Div. 1006, affd. 1 N Y 2d 651; *Beaver* v. *Beaver,* 117 N. Y. 421, 428; *Rix* v. *Hunt,* 16 App. Div. 540, 545; 2 Butler, New York Surrogate Law and Practice, § 1466, pp. 345, 346.)

By the testimony of witnesses Peterson and Runfola as to decedent's declarations, exhibits in evidence and by application of inferences of fact which arise therefrom and from ordinary human experience, the donees have in this case sufficiently established the elements of a valid gift of the bank accounts to them.

The mental competency of decedent has been established by the aid of the inference which arises that a person is competent unless there is some proof to the contrary (*Matter of Jacobs,* 2 A D 2d 774, affd. 3 N Y 2d 723; 2 Butler, New York Surrogate Law and Practice, § 1467, p. 347); and by the testimony of witnesses Peterson and Runfola. Peterson, who saw her three or four times a week before and after the alleged gift was made, testified: " she always talked clearly to me." Lawyer Runfola, who talked with decedent two days after the date of the alleged gift, testified: " She looked at me when she discussed this matter, and here was a woman that told me she remembered my father. She picked me out, and told me where my family lived. There was nothing wrong with her." This evidence sufficiently established decedent's mental capacity. It is in no wise contradicted by the administrators. The Surrogate's decision contains no finding that decedent lacked mental capacity to make the gifts in question and the record adequately establishes that she possessed sufficient mental capacity to do so.

The evidence also sufficiently establishes that decedent intended to make an absolute and complete present transfer of the bank accounts. She directed each bank, in a writing, signed by her to " Please give bearers Mrs. Margaret Petrella my niece and Mr. Manfred Petrella, my nephew thru marriage, the complete balance of my account." These instruments signed by a mentally competent depositor are evidence of intent to make an absolute and complete present transfer of the accounts. It will be inferred therefrom that the transferor intended the natural result of her acts which was to vest title in the transferees. Decedent's intent to make a gift of the bank accounts is further shown by her declaration made about 10 days before the transfers to witness Peterson, " I am going to sign all I got over to Margaret " and by her declaration made two days after the transfers to witness Runfola, " I have given all my money to Margaret and Manfred." Declarations of the donor are

competent evidence to establish the gift. (*Mutual Life Ins. Co. v. Holley*, 280 N. Y. 330, 335; 4 Jessup-Redfield, Surrogates' Law and Practice [Rev. ed.], § 3098, p. 151.) Decedent's statements to these witnesses clearly indicate her intention to make a gift of her bank accounts to appellants. '' The money belonged to decedent and [she] had the right to dispose of it as [she] saw fit so long as she was mentally competent to do so and such disposition was [her] free act and deed.'' (*Parish* v. *Juckett*, 157 App. Div. 27, 36.) '' The desire to give away property during life is as normal as a testamentary disposition of it. * * * An inter vivos gift is perfectly proper.'' (4 Jessup-Redfield, Surrogates' Law and Practice [Rev. ed.], § 3086, p. 143.) '' Such gift need not be established beyond all suspicion but by a fair preponderance of the evidence after carefully scrutinizing the same ''. (*Matter of Pernisi*, 285 App. Div. 1006, affd. 1 N Y 2d 651; *Ward* v. *New York Life Ins. Co.*, 225 N. Y. 314, 322; *Matter of Malysiak*, 15 A D 2d 586.)

Appellants, by clear, convincing and satisfactory proof have established a gift of the bank accounts to them by a fair preponderance of the evidence. If there were any acts, declarations, or conduct of decedent which might show lack of mental competence on her part or lack of her intention to make the gifts in question, the administrators could have offered proof thereof. They did not call any witnesses to testify on such issues and there is no evidence in the record which casts doubt on her competency or intention.

The decree should be reversed and the petition dismissed.

WILLIAMS, P. J., GOLDMAN, HENRY and NOONAN, JJ., concur.

Decree unanimously reversed on the law and facts and petition dismissed, without costs of this appeal to any party.