In the Matter of the Estate of AGNES A. KINCH, Deceased. LAWRENCE J. ADAMS, Appellant; CUNNINDA SMITH et al., Respondents.

Fourth Department, January 15, 1970.

*Albrecht, Maguire, Heffern & Gregg* (*George M. Zimmermann* and *David R. Pfalzgraf* of counsel), for appellant.

*Cox, Barrell & Walsh* (*Kevin D. Cox* of counsel), for Florence Kohl and another, respondents.

*Hetzelt, Watson, McGarvey & Hetzelt* for executors.

*Per Curiam.* Respondent Adams appeals from a decree of Erie County Surrogate's Court, which in an SCPA 2103 discovery proceeding, determined that items of jewelry, traveler's checks, cash and savings accounts in his possession were property of decedent's estate.

His claim that decedent had given the property to him is supported by testimony of his sister, Mrs. Smith, who would share in the property if the gift failed and by the testimony of a bank officer, Mr. Fechney. Decedent died February 11, 1968, survived by appellant, her brother and by five sisters. Mrs. Smith testified that about a month before her death decedent asked her to come to decedent's apartment in the Statler Hotel. Decedent was ill and Mrs. Smith spent the night with her. The next day while decedent was preparing to go to the hospital she handed a package to Mrs. Smith and told her to give it to appellant. Decedent also told appellant that Mrs. Smith had a package to deliver to him which was valuable. After Mrs. Smith and appellant had taken decedent to the hospital she handed the package to him.

Appellant testified that he kept the package, unopened, until four days after decedent died when he notified his coexecutor Wagner that he had it. Mr. Wagner then came to appellant's home where the package was opened and its contents were listed by appellant, his wife and Mr. Wagner.

Within a few days before decedent died Mr. Fechney, a vice president of Marine Midland Trust Company, came to her hospital room at her request. He testified that appellant was present in the room with decedent and himself. Decedent asked Mr. Fechney to have lawyer Hetzelt draw a codicil to her will. She said, " I have turned over a package to Lawrence for safekeeping and I want the codicil to provide that he is to receive that package." Mr. Fechney suggested that if she wanted Lawrence to have the package she could give it to him. Decedent then said, " Very well, I will. Lawrence, you may keep the package." Decedent was then weak but mentally alert. The evidence clearly establishes the making of a valid gift. " Such a gift need not be established beyond all suspicion but by a fair preponderance

of the evidence after carefully scrutinizing the same ''. (*Matter of Pernisi,* 285 App. Div. 1006, affd. 1 N Y 2d 651; *Matter of Rinchiuso,* 20 A D 2d 254, 256, affd. 15 N Y 2d 865.) The evidence of Mrs. Smith and Mr. Fechney is clear and convincing and leaves no doubt as to the validity of the gift. The testimony of appellant is in all respects entirely consistent with theirs. His testimony that the package containing the items of property specified in Exhibit A attached to the petition was delivered to him by Mrs. Smith at the time they took decedent to the hospital and had been in his exclusive possession until it was opened at his home in the presence of his wife and coexecutor Wagner is entirely consistent with the testimony of the other witnesses. The only part of appellant's testimony that goes beyond theirs is the listing of the contents of the package which was given to him. His testimony is not contradicted by direct evidence nor by any legitimate inference from the evidence and is not opposed to the probabilities nor in its nature suspicious or surprising. There is no reason for not accepting it. (*Hull* v. *Littauer,* 162 N. Y. 569, 572.)

The decree should be reversed and the petition dismissed.

GOLDMAN, P. J., WITMER, GABRIELLI, MOULE and HENRY, JJ., concur.

Decree unanimously reversed on the law and facts with costs to appellant and petition dismissed.