(April 30, 1979)

■ NICHOLAS BORGESANO, Respondent, v HERTZ CORP., Appellant, et al., Defendant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., defendant the Hertz Corporation appeals from (1) an order of the Supreme Court, Queens County, dated August 2, 1978, which, *inter alia*, granted plaintiff's motion for partial summary judgment on the issue of liability and directed an assessment of damages, and (2) so much of a further order of the same court, dated November 9, 1978, as, upon renewal, adhered to the original determination. Appeal from the order dated August 2, 1978, dismissed as academic, without costs or disbursements. That order was superseded by order dated November 9, 1978. Order dated November 9, 1978 reversed insofar as appealed from, on the law, without costs or disbursements, and, upon renewal, motion for partial summary judgment denied. Plaintiff's complaint alleges simply that, while stopped at a red light, his vehicle was struck in the rear by a vehicle driven by defendant Gernstadt and owned by appellant Hertz. Gernstadt, however, avers that he was "approximately two car lengths or more" behind plaintiff's vehicle as they approached the intersection where the accident occurred, and that "Without signalling either with lights or with arm that vehicle suddenly slowed down so that I was unable to stop my truck in time and made contact with the rear of his vehicle." Although Hertz' showing may have been thin, we believe it sufficed to withstand summary judgment. "The very question of whether the defendant's conduct amounts to 'negligence' is inherently a question for the fact-trier in all but the most egregious instances. Even the so-called 'rear-end' collision, the one most presumptively favorable to the plaintiff, can readily be shown to present factors necessitating trial" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212:8, p 430). In the instant case, the factual disagreement between the parties raises the question of whether plaintiff stopped or suddenly decreased the speed of his vehicle without properly signaling, thereby contributing to the accident. Further, there is nothing on the record which indicates beyond dispute that defendant Gernstadt's conduct fell far below any permissible standard of due care. Under these circumstances, it was error for Special Term to grant partial summary judgment to the plaintiff (cf. *Andre v Pomeroy*, 35 NY2d 361, 364-365). Rabin, J. P., Gulotta, Margett and Martuscello, JJ., concur.