■ RICHARD S. ALLAN et al., Appellants, v KEYSTONE NINETIES, INC., Respondent.—Judgment unanimously reversed, with costs, complaint reinstated and a new trial granted in accordance with the following memorandum: Appellants were employed as New York State Troopers when the vehicle in which they were sitting was struck from behind by a vehicle operated by John Maroney. At the time of the accident Maroney was on his way home from the respondent's Keystone Nineties Tavern where he had spent most of the evening. Appellants brought this action against respondent under the so-called Dram Shop Act (General Obligations Law, § 11-101). At the close of appellants' case the trial court granted respondent's motion to dismiss the complaints on the ground that appellants had failed to establish a prima facie case. Appellants contend that the evidence submitted was sufficient to withstand a motion to dismiss and that the trial court erred in refusing to consider certain evidence concerning Maroney's state of inebriation. We agree. Section 11-101 of the General Obligations Law creates, on behalf of persons injured by any intoxicated person, a cause of action against all who "by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication". An illegal sale is a sale of alcoholic beverages to a minor, to a habitual drunk or to an "intoxicated person or to any person, actually or apparently, under the influence of liquor" (Alcoholic Beverage Control Law, § 65). Thus, in order for the appellants to make out a prima facie case it was incumbent that they set forth proof from which it could be concluded that respondent caused or contributed to Maroney's intoxication by selling intoxicating drinks to him at a time when he was intoxicated, under the influence of alcohol or apparently under the influence of alcohol. We believe that a jury considering all of the evidence presented, including that which was improperly stricken, could so find. The trial court refused to admit certain statements of witnesses Maroney and Kelley to the effect that Maroney was intoxicated. This was error. A lay witness is competent to express his opinion as to whether he or any other person was intoxicated (*People v Cruz,* 48 NY2d 419; *People v Eastwood,* 14 NY 562; *Burke v Tower East Rest.,* 37 AD2d 836; Richardson, Evidence [10th ed], § 364(h), pp 332-

333). This evidence of Maroney's state of intoxication, if believed by a jury, would be sufficient when combined with other evidence presented by the appellants to establish an illegal sale of alcoholic beverages that contributed to Maroney's intoxicated condition at the time of the accident. Taken as a whole the testimony established that Maroney arrived at the tavern at approximately 10:00P.M. From that time until he was ejected by respondent's "bouncers" some three hours later, Maroney consumed approximately one pint of liquor. Maroney testified that after he became intoxicated he ordered and was served several "doubles". His own testimony and the testimony of other witnesses indicate that Maroney's speech was slurred, that he was staggering and that his eyes were glazed. There is also evidence that he became involved in an altercation which resulted in several patrons being thrown out of respondent's establishment. If credited by the jury, this evidence shows that Maroney was served drinks at a time when he was intoxicated or actually or apparently under the influence of liquor. (Appeal from judgment of Niagara Supreme Court—General Obligations Law, § 11-101.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Moule, JJ.