■ SANDRA RANDELL, Appellant, v FRANKLIN RANDELL, Respondent. — Order of the Supreme Court, Nassau County (Robbins, J.), dated October 17, 1980, affirmed, with $50 costs and disbursements (see *Valladares v Valladares,* 80 AD2d 244). Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.

■ DAVID S. ROSS, an Infant, by His Father and Natural Guardian, STEVEN Ross, Appellant, v ROBERTA BAR AND GRILL, INC., Doing Business as WHITE SHUTTER INN, et al., Respondents. — In an action, *inter alia,* to recover damages under the Dram Shop Act (General Obligations Law, § 11-101), the plaintiff appeals from a judgment of the Supreme Court, Queens County (Leviss, J.), entered June 8, 1981, in favor of the respondents, upon a jury verdict. (We deem the plaintiff's notice of appeal to be a premature notice of appeal from the judgment.) Judgment reversed, on the law, and matter remitted to the Supreme Court, Queens County, for a new trial, with costs to abide the event. Included within plaintiff's pleadings pursuant to the Dram Shop Act (General Obligations Law, § 11-101) was the allegation that the respondent bar, by its agents or employees, negligently sold alcohol to a patron who allegedly assaulted the plaintiff. Furthermore, plaintiff averred that one of the bar's agents or employees assaulted him. The complaint sufficiently pleaded three causes of action. It was error therefore to refuse plaintiff's request to charge common-law negligence as well as assault and vicarious liability on the ground that the complaint only established a cause of action for statutory relief (see *Morrissey v Sheedy,* 26 AD2d 683). In addition, the court precluded the plaintiff from testifying that the patron who struck him was intoxicated. It is clear plaintiff's testimony was based on personal observations and the court's refusal to permit him to testify that the patron was intoxicated was error (see *Allan v Keystone Nineties,* 74 AD2d 992; *Burke v Tower East Rest.,* 37 AD2d 836; *Felska v New York Cent. & Hudson Riv. R. R. Co.,* 152 NY 339). Damiani, J. P., Gibbons, Cohalan and O'Connor, JJ., concur.