■ In the Matter of the Estate of MILDRED W. SWANSON, Deceased. MIZELL WILSON, JR., Appellant; MILLIE LEONE, Respondent. — In a proceeding for discovery of property withheld from the decedent's estate, petitioner appeals from a decree of the Surrogate's Court, Westchester County (Brewster, S.), dated May 3, 1983, which dismissed the petition on the ground that respondent established a valid gift *causa mortis*.

Decree reversed, on the law and the facts, with costs payable by respondent personally, petition reinstated, and matter remitted to the Surrogate's Court, Westchester County, for entry of a decree in accordance herewith.

The burden of proving a valid gift *causa mortis* as against an estate is upon the purported donee, who must establish all the elements of such gift by clear, convincing and satisfactory evidence (*Matter of Korman*, 36 AD2d 709, *affd* 30 NY2d 769; *Matter of Hennessy*, 253 App Div 6, *affd* 278 NY 538).

In the case before us, there is no direct evidence that the decedent intended to give her wedding band and engagement ring to respondent if she did not recover from her last illness, a deficiency which was recognized by the Surrogate's Court in its memorandum decision. Such intent cannot be inferred from the attendant circumstances (*cf. Matter of Rinchiuso*, 20 AD2d 254, *affd* 15 NY2d 865). The evidence in the record is equally supportive of the view that the decedent merely wanted respondent to safeguard her valuable property throughout the duration of her hospital stay (*see, Matter of Bolin*, 136 NY 177; *Matter of Malysiak*, 15 AD2d 586).

Nor is the testimony of Gladys Crawford, the decedent's friend to whom she apparently made a gift *causa mortis* of the same rings while hospitalized in Florida during 1975, persuasive.

Although the court properly exercised its discretion in admitting such evidence, as it bore upon the issue of donative intent (*see, Radosh v Shipstad,* 20 NY2d 504, 508, *reh denied* 20 NY2d 969), we do not find that it overcame the otherwise inadequate proof of a gift *causa mortis.*

Therefore, the petition should have been granted, and respondent directed to produce the property in question. We remit the matter to the Surrogate's Court for entry of a decree in accordance herewith. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.