■ CHARLES BOBROWSKY et al., Respondents-Appellants, v IRWIN J. LANDES et al., Appellants-Respondents.

In our view, the affidavit of the plaintiff Charles Bobrowsky and the accompanying exhibits submitted to Special Term in support of the plaintiffs' motion for summary judgment established that there was no willful breach of the contract of sale by virtue of the fact that the proposed mortgagee, which had issued a mortgage commitment within the time specified in

the contract, subsequently revoked the commitment after being advised by the plaintiffs prior to the scheduled closing date that there was a substantial change in their financial circumstances. We find that the material facts in *Lane v Elwood Estates* (31 AD2d 949, *affd* 28 NY2d 620) are indistinguishable from those at bar and disagree with Special Term insofar as it found that there was a triable issue of fact on the question of the plaintiffs' good faith in attempting to satisfy the condition precedent of obtaining financing on the terms stated in the contract of sale. It is evident that the plaintiffs' loss of income resulted from circumstances beyond their control *(see, Patterson v Marchese,* 10 AD2d 639, 640).

Based upon the foregoing, we need not address whether the liquidated damages provision contained in the contract of sale was enforceable, since, by its terms, it only became effective in the event of the plaintiffs' willful default. Mollen, P. J., Mangano, Niehoff and Weinstein, JJ., concur.