■ ROBERT LIPP et al., Appellants-Respondents, v STUART M. SAKS et al., Respondents-Appellants, and JAMES WYNNE, Respondent.—In an action to recover damages for personal injuries, (1) the defendants Saks, Heaning and Hart appeal from an order of the Supreme Court, Nassau County (Winick, J.), dated September 9, 1985, which, *inter alia,* severed an action brought by Grace Gizze from the instant action, and granted the plaintiffs leave to enter an interlocutory judgment against the defendants Saks and Hart in the instant action, and (2) the plaintiffs appeal, as limited by their brief, from so much of an interlocutory judgment of the same court, dated October 7, 1985, as is in favor of the defendants Heaning and Wynne and against them, the defendants Saks and Hart cross-appeal, as limited by their briefs, from so much of the interlocutory judgment as is in favor of the plaintiffs and against them, and in effect, dismisses their cross claims against the defendants Heaning and Wynne, and the defendants Heaning cross-appeal, as limited by their brief, from so much of the interlocutory judgment, as, in effect, dismisses their cross claim against the defendant Wynne.

Ordered that the order is affirmed, without costs or disbursements; and it is further,

Ordered that the cross appeal by the defendants Heaning from the interlocutory judgment is dismissed, without costs or disbursements; and it is further,

Ordered that the interlocutory judgment is modified, on the law, by (1) deleting from the first decretal paragraph thereof all references to "50%" and substituting therefor "30%", and (2) deleting the third decretal paragraph thereof and substituting therefor a provision in favor of the plaintiffs and against

the defendants Heaning and reinstating the jury verdict finding the defendants Heaning 40% at fault in the happening of the accident; as so modified, the interlocutory judgment is affirmed, without costs or disbursements.

The cross appeal of defendants John Heaning and Richard F. Heaning is dismissed because they are not aggrieved by the trial court's interlocutory judgment which was in their favor *(Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 544-545; *Bobrowsky v Landes,* 124 AD2d 618). Nevertheless, the issues raised on their cross appeal are brought up for review on the plaintiffs' appeal and the cross appeal of the defendants Hart and Saks *(see, Parochial Bus Sys. v Board of Educ., supra,* at 545; *Blum v Stone,* 127 AD2d 549).

The trial court erred in setting aside the jury verdict finding the Heanings 40% at fault and entering an interlocutory judgment in their favor, on the ground that the evidence was insufficient to support the jury verdict. For a court to conclude that a jury verdict is not supported by sufficient evidence as a matter of law, "[i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see also, Hylick v Halweil,* 112 AD2d 400). In this case, there was clearly a rational basis in the evidence for the jury's verdict against the Heanings. John Heaning, the driver of the third car (owned by the defendant Richard F. Heaning) in this four-car chain collision, clearly had a duty of care to the plaintiffs, who were passengers in the car behind him, to keep proper control of his vehicle, and to not suddenly stop or slow down without proper signalling so as to create the danger of a collision *(see, Kowchefski v Urbanowicz,* 102 AD2d 863; *Borgesano v Hertz Corp.,* 69 AD2d 894). He further had a duty to not negligently allow his stopped vehicle to protrude over the lane boundaries in which it was being driven, thereby blocking the safe passage of other vehicles *(see, Overbaugh v Emory Transp. Co.,* 1 AD2d 729).

In this case, the jury could rationally conclude based upon the evidence presented that the defendant John Heaning lost control of his vehicle and that he suddenly brought it to a stop when he collided into the back of the stopped vehicle of the defendant Gerard Hart, and that he left his stopped vehicle with some of the right rear portion protruding over the center lane, blocking the safe passage of the Saks' vehicle. He thereby breached his duty of care to the plaintiffs, which was

a proximate cause of their injuries *(see, Ferrer v Harris,* 55 NY2d 285, 293-294; *Starks v Poulein,* 57 AD2d 645).

The trial court properly exercised its discretion in not admitting testimony by the defendant John Heaning that when he spoke to defendant Wynne after the accident, Wynne "seemed intoxicated". Although John Heaning was clearly competent to testify as to his opinion based on his personal observations that Wynne seemed to be in a state of intoxication at the time of the accident *(see, Ross v Roberta Bar & Grill,* 83 AD2d 550; *Allan v Keystone Nineties,* 74 AD2d 992), the trial court did not abuse its discretion in excluding this testimony on the ground that under the circumstances of this case, the probative value of this evidence was outweighed by its potential prejudicial impact *(see, Radosh v Shipstad,* 20 NY2d 504, *rearg denied* 20 NY2d 969; *Matter of Swanson,* 109 AD2d 844, 845; Richardson, Evidence § 147 [Prince 10th ed]).

The court also properly exercised its discretion in denying the plaintiffs' motion to set aside the verdict in favor of Wynne as against the weight of the evidence. A trial court may only set aside a verdict as against the weight of evidence when it is shown that " 'the jury could not have reached the verdict on any fair interpretation of the evidence' " *(Nicastro v Park,* 113 AD2d 129, 134, quoting from *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643). Moreover, "particular deference has traditionally been accorded to jury verdicts in favor of defendants in tort cases" *(Nicastro v Park, supra,* at 134).

The jury's verdict in this case finding the defendant Wynne not negligent could have been reached on a fair interpretation of the evidence. The jury could have properly concluded from the evidence presented that the defendant Wynne was forced to an unforeseeable and unavoidable stop on the left eastbound lane of the Long Island Expressway when his left front tire sustained a blowout, and his car subsequently stalled. The jury could further properly have concluded that by leaving on his taillights and turning on his emergency flashers, he satisfied his duty to warn oncoming vehicles of the hazard created by his stopped car *(cf., Gonyo v Hewson,* 3 AD2d 949; *Axelrod v Krupinski,* 302 NY 367; *Perry v Reich Bros. Long Is. Motor Frgt.,* 253 App Div 724).

The trial court did not err in declining to give a missing witness charge based upon the failure of the plaintiffs herein (who were passengers in the car of the defendant Saks), and the plaintiff in a second action jointly tried with the instant one, Grace Gizze (who was a passenger in the vehicle of the

defendants Heaning), to testify on their own behalf. A missing witness charge in only warranted where a witness who is under a party's control, and is in a position to give "substantial, not merely cumulative, evidence" is not called by that party (*Chandler v Flynn,* 111 AD2d 300, 301, *appeal dismissed* 67 NY2d 647; *see also, Getlin v St. Vincent's Hosp. & Med. Center,* 117 AD2d 707, 708-709). In this case, the testimony of the Lipps and Gizze would have been "merely cumulative" of the testimony given by the four drivers of the vehicles involved in the collision who were called as witnesses.

Finally, the trial court properly exercised its discretion in its order dated September 9, 1985, in severing the instant action from a second action brought by Gizze, and permitting the entry of an interlocutory judgment only in the instant action (*cf.,* CPLR 5012; 8 Carmody-Wait 2d, NY Prac § 63:24, at 657). Unlike in the instant action, the trial court did not set aside the jury verdict in the action brought by Gizze. Thus, there were no special circumstances which warranted immediate appellate review in that action before proceeding to a trial on damages. Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.