■ RONALD SCHECKTER, Respondent, v FRANK DICKSTEIN, Appellant, et al., Defendants.—In an action to recover damages for fraud, the defendant Frank Dickstein appeals from an interlocutory judgment of the Supreme Court, Westchester County (Buell, J.), dated April 18, 1986, which, after a jury trial, determined that a written agreement between the plaintiff and the defendant Dickstein, and general releases running from the plaintiff to the defendants The Fairways Condominiums and Fairways Condominiums, Inc., were induced and executed as a result of the fraud and misrepresentation of the defendant Dickstein.

Ordered that the interlocutory judgment is affirmed, with costs.

The verdict finding that the defendant Dickstein fraudulently induced the plaintiff into signing an agreement dated

January 7, 1983, assigning his interests in The Fairways Condominiums (a partnership), and Fairways Condominiums, Inc., and certain general releases is amply supported by the record. The jury reached the conclusion that fraud was clearly and convincingly demonstrated based upon a fair interpretation of the evidence presented. Accordingly, there is no basis for reversal on the ground that the verdict was against the weight of the evidence (see, Lipp v Saks, 129 AD2d 681; Nicastro v Park, 113 AD2d 129, 134). A fortiori, reversal on the ground that the evidence presented was legally insufficient to support the verdict is also unwarranted.

The sole issue adjudicated at the trial was whether the execution of the agreement and the general releases signed by the plaintiff on January 7, 1983 was fraudulently induced by the defendant Dickstein. Accordingly, the trial court properly exercised its discretion over the determination of relevancy by not admitting into evidence testimony elicited by defense counsel which related to events occurring subsequent to that date (see, Radosh v Shipstad, 20 NY2d 504, 508, rearg denied 20 NY2d 969, 970; Lipp v Saks, supra; Matter of Swanson, 109 AD2d 844, 845). Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.