■ In the Matter of the Estate of RAE L. KASTEN, Deceased. LESLIE PERL et al., Respondents; SOL ROSENFELD et al., Appellants, et al., Respondents. [668 NYS2d 651] —In a proceeding, *inter alia,* to recover property withheld from the decedent's estate, Sol Rosenfeld, Louis Rosenfeld, and Brenda Rosenfeld appeal, and Chaim Feierstein separately appeals, from an order of the Surrogate's Court, Kings County (Scholnick, S.), entered September 26, 1996, which, upon an earlier order of the same court, dated March 7, 1996, which granted the petition on the ground that the petitioners established a valid gift *causa mortis,* directed the turnover of assets to the decedent's estate.

Ordered that the appeal taken by Brenda Rosenfeld from the order entered September 26, 1996, is dismissed, as she is not aggrieved thereby; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs payable by the appellants personally.

All of the elements necessary to establish the existence of valid gifts *causa mortis* were proven here by clear, convincing, and satisfactory evidence (*see, Matter of Korman,* 36 AD2d 709). There was direct evidence, as established by the surrounding circumstances and the donor's deposition testimony, that the donor was under the apprehension of impending death when she gave the appellants the subject securities (*see, Matter of Swanson,* 109 AD2d 844). Accordingly, the gifts were not irrevocable, and should have been returned to the donor when she demanded them upon her recovery from the illness which she had believed would be terminal (*see, Ridden v Thrall,* 125 NY 572). Therefore, the Surrogate's Court properly ordered that the securities be turned over to the donor's estate (*see, Matter of Kelsey,* 29 AD2d 450, *affd* 26 NY2d 792).

Furthermore, the court did not improvidently exercise its discretion in ordering the bifurcation of the issues to be tried (*see,* CPLR 603, 4011; *Koskey v Chubb Corp.,* 233 AD2d 299; *Fetterman v Evans,* 204 AD2d 888).

The appellants' remaining contentions are without merit. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.