■ KATHLEEN BENNETT, Appellant, v MICHAEL P.J. McGORRY, Respondent. [827 NYS2d 381]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered November 16, 2005. The order, among other things, directed defendant to contribute to the college expenses of the parties' eldest daughter.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: By order to show cause brought by plaintiff following the entry of the parties' judgment of divorce, which incorporated but did not merge the parties' "Matrimonial Settlement Agreement" (agreement), plaintiff sought, inter alia, an order directing defendant to contribute to the college expenses of the parties' eldest daughter. Under the terms of the agreement, the amount of the parties' contributions for the children's college expenses was to be determined in the future, "depending upon each party's financial circumstances at the time of the child's need." Supreme Court properly concluded that the child support obligation of defendant affected his financial circumstances and must therefore be considered as a factor in determining his obligation to pay college expenses (see Guryn v Guryn, 308 AD2d 564 [2003]; Chalif v Chalif, 298 AD2d 348, 349-350 [2002]). Contrary to plaintiff's contention, the court also properly exercised its discretion in refusing to permit the parties to call their eldest daughter as a witness, inasmuch as the daughter had no relevant testimony to offer on the matters at issue (see generally Scheckter v Dickstein, 132 AD2d 693, 694 [1987]; Prince, Richardson on Evidence § 4-102 [Farrell 11th ed]). Finally, defendant did not cross-appeal from the order and therefore is not entitled to affirmative relief with respect to health insurance premiums he paid before plaintiff consented to his proposed change in health insurance providers (see generally Kay v Kay, 302 AD2d 711, 714 [2003]). Present—Hurlbutt, A.P.J., Kehoe, Smith and Green, JJ.