# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**546**

**CA 15-01332**

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

DORI R. (HOBIKA) MARSHALL, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

GEOFFREY G. HOBIKA, DEFENDANT-RESPONDENT.

---

FREID AND KLAWON, WILLIAMSVILLE (WAYNE I. FREID OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

CHARLES A. MESSINA, BLASDELL (JAMES P. RENDA OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F.
O'Donnell, J.), entered December 11, 2014. The order determined that
each party should contribute equally to the college expenses of their
daughter.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this post-divorce proceeding, plaintiff mother
and defendant father each sought a determination of their respective
obligations to contribute to the cost of their eldest daughter's
college education. Pursuant to their "Child Support Agreement"
(Agreement), the parties contemplated that their children would attend
college, and they agreed that the costs would be divided "between the
parties as they shall then agree or as shall then be determined by a
Court of competent jurisdiction." The parties further agreed that,
"[i]n the event a child shall attend Nichols [School], the respective
contributions of the parties to the cost of said schooling shall be a
factor in determining the contribution of each party to said child's
college expenses."

The record belies the mother's contention that Supreme Court
failed to consider the respective contributions of the parties to the
cost of each child's attendance at Nichols School as a factor when it
directed the parties to contribute equally to the eldest daughter's
college expenses (*see Bennett v McGorry*, 34 AD3d 1290, 1291).
Contrary to the mother's further contention, the court's statement in
its decision concerning the mother's willingness to pay a greater
share of the costs of the children's education at Nichols School is
also supported by the record, including the terms of the Agreement.
In addition, inasmuch as the parties' respective contributions to
those costs was but one factor to consider in determining their

obligations to pay college expenses, the court also properly considered "the circumstances of the case, the circumstances of the respective parties, and the best interests of the child" (*Cimons v Cimons*, 53 AD3d 125, 131).  Finally, we reject the mother's contention that the order is inconsistent with the court's prior order directing the father to pay 60% and the mother 40% of the eldest son's college expenses.  The prior order was based upon different evidence, and it explicitly contemplated "a need for modifications of . . . the parties' obligation to contribute toward college as the younger children[, including the eldest daughter,] matriculate."

Entered:  June 10, 2016                        Frances E. Cafarell
                                               Clerk of the Court