■ STEPHEN P. GOTTLIEB, Appellant, v SHANNON K. SUCH, Respondent. [740 NYS2d 44] —Judgment, Supreme Court, New York County (Jacqueline Silbermann, J.), entered April 20, 2001, which, upon a prior order, same court and Justice, entered on or about February 8, 2001, granting defendant ex-wife's motion pursuant to CPLR 3211 (a) (7) and denying plaintiff ex-husband's cross motion pursuant to CPLR 3212 for summary judgment on the issue of liability, dismissed the complaint, affirmed, without costs.

Defendant ex-wife commenced an action to rescind the parties' separation agreement on the ground that it had been induced by fraud. Plaintiff ex-husband contends that, by doing so, she violated the terms of the agreement and is liable to him for legal fees incurred in defending the action.

While barring an action by either party for its breach, the separation agreement contains no prohibition against the commencement of an action seeking its rescission upon the ground of fraud in the inducement. Nor does the agreement purport to

exculpate the parties from the consequences of fraudulent misrepresentation. Had such a provision been included in the separation agreement, it would not be enforceable (see, Lago v Krollage, 78 NY2d 95, 100; Ash v New York Univ. Dental Ctr., 164 AD2d 366).

Defendant's commencement of the fraud action is not a default under the terms of the agreement, and the provision entitling the prevailing party to an award of "counsel fees in event of default" is not implicated. As the dissenter points out, invalidation of the entire agreement would entitle defendant wife to an award of equitable distribution. However, such a result could not be considered tantamount to a breach of her promise "never to seek through proceedings or otherwise a distributive award" because voiding the agreement would thereby void the promise.

In any event, counsel fees are only recoverable "in the event of default" where the prevailing party has been "required to seek judicial relief for [an] alleged breach of this agreement" for costs "made necessary by the [other] party's default." In view of the public policy obliging the respective parties to bear the cost of counsel (Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5), a provision for recovery of fees that are "incidents of litigation" (id.) should be construed strictly (see, Kips Bay Towers Assoc. v Yuceoglu, 134 AD2d 164, 165-166, lv denied 71 NY2d 806). Had the parties intended the disputed provision to permit reimbursement in the case of a challenge to the validity of the agreement, as opposed to a "default" in its performance, it would have been simple enough to have stated as much. Concur—Tom, J.P., Andrias and Rubin, JJ.

Saxe, J., dissents in a memorandum as follows: In view of the prevalence of excessive post-divorce litigation, it has become increasingly important to find ways to discourage baseless post-judgment proceedings and offer instead protection against the enormous financial burden they entail. One way to accomplish that is by including a broad attorney's fee provision in the parties' final agreement, entitling the prevailing party to recover the costs of such unnecessary litigation. This appeal requires us to consider the extent to which an attorney's fee provision included in the parties' Separation Agreement provides such protection.

The parties were married in March 1983. During their marriage, the husband was a partner in the firm of Cadwalader, Wickersham & Taft, and the wife worked as a corporate attorney. They have one daughter, born in 1987.

The underlying divorce litigation was commenced in January

1991. Both parties were represented by highly experienced matrimonial counsel. Ultimately, in October 1992, the parties entered into a 51-page Separation Agreement. In addition to providing for child custody and support, the Separation Agreement recited the substantial personal property owned by the parties, including bank and security accounts and retirement plans, as well as numerous pieces of real property, in Long Island, Manhattan, San Francisco, Colorado, and elsewhere. Article II of the Separation Agreement made provision for the division of the property between them.

At the end of article II there was included a provision containing mutual waivers, by which each party agreed: "Except as provided to the contrary in this Agreement, the [Husband or Wife] waives any right which he [or she] may at any time have to a distributive award or an award of equitable distribution with respect to any property acquired by the [other] either before or during the marriage, and agrees never to seek through court proceedings or otherwise a distributive award or an award of equitable distribution with respect to any property acquired by the [other] either before or during the marriage."

The parties also included an attorney's fees provision: "In the event that either party is required to seek judicial relief for any alleged breach of this Agreement, the party prevailing in such action shall be entitled to receive from the losing party his or her attorney's fees."

Almost six years after entering into the Separation Agreement, defendant ex-wife commenced an action to set aside the Separation Agreement and for an award of equitable distribution. This Court ultimately dismissed the action (*see, Such v Gottlieb*, 273 AD2d 72, *lv denied* 95 NY2d 770).

On the strength of the provision in their Separation Agreement governing the entitlement to attorney's fees, plaintiff ex-husband claims the right to recoup from defendant ex-wife the fees he paid his attorney to defend against defendant's unsuccessful action to set aside their Separation Agreement and obtain, instead, an award of equitable distribution from the court.

The motion court's rejection of plaintiff's claim for attorney's fees was premised upon a misunderstanding of plaintiff's argument. The court reasoned that the ex-wife could not have breached the parties' Separation Agreement, because in the waiver provision she did not clearly and unequivocally waive the right to challenge the validity of the Separation Agreement on grounds of subsequently discovered fraud. However, con-

trary to the motion court's analysis, the breach of contract upon which plaintiff predicates his claim for attorney's fees is not simply the act of his ex-wife in commencing an action to set aside the Separation Agreement on grounds of fraud; plaintiff does not suggest that the waiver provision precludes her from seeking to set aside the Separation Agreement where such relief is warranted. Rather, the breach of the Separation Agreement he claims under arose when defendant *lost* her lawsuit to set aside the Separation Agreement. Put another way, she committed an act of breach by attempting to avoid the obligations of the Separation Agreement *without* support in law or fact. This distinction is critical.

The validity of this point is illustrated by considering the following: if, *in the absence of any application to set aside the Separation Agreement,* defendant ex-wife brought an action seeking a further distribution of assets, such action would unquestionably constitute a violation of the contract provision promising not to seek a distributive award. Indeed, a court proceeding seeking a distributive award is exactly what she promised not to bring. By the same token, an action seeking a further distribution of assets brought in conjunction with an unsuccessful attempt to set aside the Separation Agreement must also constitute a violation of the contract provision promising not to seek a further award.

Of course, if defendant had been able to demonstrate valid grounds to set aside the Separation Agreement, an application for a distributive award would not contravene the Separation Agreement, since there would be no remaining contract provision to contravene. But, if such an action is unsuccessful, the party's conduct in attempting to obtain a court award of equitable distribution amounts to a breach of the contract provision in which she had agreed not to seek additional relief beyond that afforded in the contract.

Once plaintiff's position is understood in this manner, the legal issues this Court must decide are (1) whether defendant's unsuccessful attempt to obtain equitable distribution despite her agreement not to do so constitutes a clear breach of the waiver provision of the Separation Agreement, and if so, (2) whether the attorney's fee provision applies to these circumstances.

The words employed by the parties as part of their mutual waiver provision must be examined carefully, and if they apply to the circumstances, they must be applied as written. " '[C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby "make a new

contract for the parties under the guise of interpreting the writing" ' " (*Reiss v Financial Performance Corp.*, 97 NY2d 195, 199, quoting *Schmidt v Magnetic Head Corp.*, 97 AD2d 151, 157, quoting *Morlee Sales Corp. v Manufacturers Trust Co.*, 9 NY2d 16, 19, *modfg* 279 AD2d 13).

Here, the parties "agree[d] never to seek through court proceedings or otherwise a distributive award or an award of equitable distribution with respect to any property acquired by the [other] either before or during the marriage." This provision amounts to a contractual obligation to refrain from doing a specified act. Because contracts may not only require a party to do a particular thing, but may also preclude a party from doing a particular thing (*see generally*, 22 NY Jur 2d, Contracts § 1, at 29), this provision is no less entitled to enforcement than a provision requiring some affirmative act, such as turning over specific property to the other, or directing payment of a specified sum on a set date.

Defendant, having promised not to seek equitable distribution other than that provided by the Separation Agreement, and having failed to set aside that Separation Agreement, breached the agreement by "seek[ing] through court proceedings or otherwise a distributive award."

Similarly, the language of the attorney's fee provision giving each party the right to seek attorney's fees to recoup the cost of seeking "judicial relief for any alleged breach of [the] Agreement" contains no ambiguity. The allegation of a "breach" of the Separation Agreement is made out, by definition, by any unexcused failure to carry out the contract by doing that which it requires (*see, D & N Boening v Kirsch Beverages*, 63 NY2d 449), which element is established here by defendant's failure to refrain from bringing a court proceeding seeking equitable distribution. And, plaintiff has established that he sought judicial relief for this breach by moving in court, successfully, for a dismissal of that proceeding.

Plaintiff has therefore established his entitlement to an award of attorney's fees pursuant to the agreed-upon terms of the parties' Separation Agreement, just as much as if he were alleging that defendant had failed to make a required payment or turnover of property.

Accordingly, I would deny defendant's dismissal motion, and grant plaintiff's cross motion for summary judgment on the issue of liability.