Harding v. Naseman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand ten.

PRESENT:

> DEBRA ANN LIVINGSTON,
> > *Circuit Judge*.
> KIMBA M. WOOD,[*]
> > *District Judge*.[**]

---

TOEHL HARDING,
> *Plaintiff-Counter-Defendant-*
> *Appellant-Cross-Appellee*,

v.

DAVID NASEMAN,
> *Defendant-Counter-Claimant-*
> *Appellee-Cross-Appellant*.

09-3332-cv, 09-3464-cv
Summary Order

---

[*] The Hon. Kimba M. Wood, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Hon. Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of this panel, who are in agreement, have determined this matter. See Second Circuit Internal Operating Procedure E(b); 28 U.S.C. § 46(d); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Peter B. Schalk, Judd Berstein, P.C., New York, NY, *for Plaintiff-Counter-Defendant-Appellant-Cross-Appellee*.

Robert J. Bernstein, New York, NY, *for Defendant-Counter-Claimant-Appellee-Cross-Appellant*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Counter-Defendant-Appellant-Cross-Appellee Toehl Harding appeals from the July 8, 2009 order and July 14, 2009 judgment of the United States District Court for the Southern District of New York (Patterson, *J.*), dismissing her claims of fraud relating to the Property Settlement Agreement ("PSA") into which she entered pursuant to her 1993 divorce from Defendant-Counter-Claimant-Appellee-Cross-Appellant David Naseman. Naseman cross-appeals the same order and judgment insofar as they dismissed his counter-claim for attorneys' fees. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

On appeal from a judgment entered following a bench trial, "we review the [d]istrict [c]ourt's findings of fact for clear error, but we review *de novo* its conclusions of law and its resolution of mixed questions of fact and law." *MacWade v. Kelly*, 460 F.3d 260, 267 (2d Cir. 2006). Under New York law, claims of fraud must be proven by "clear and convincing" evidence. *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 181 (2d Cir. 2007). Moreover, in the case of property settlements attendant to divorce, "[j]udicial review is to be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences." *Christian v. Christian*, 365 N.E.2d 849, 855 (N.Y. 1977).

A New York fraudulent misrepresentation claim requires proof that: "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *Banque Arabe et Internationale D'Investissement v. Maryland Nat'l Bank*, 57 F.3d 146, 153 (2d Cir. 1995). A claim for fraudulent concealment requires proof of: "(1) failure to discharge a duty to disclose; (2) an intention to defraud . . . ; (3) reliance; and (4) damages." *TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 90-91 (2d Cir. 2005). "[W]here parties to an agreement find or place themselves in a relationship of trust and confidence at the time of execution, a special burden may be shifted to the party in whom the trust is reposed . . . to disprove fraud or overreaching." *Matter of Grieff*, 703 N.E. 2d 752, 754 (N.Y. 1998). The New York Court of Appeals, however, has made clear that the burden shift is not presumptive, and requires the party contesting the validity of an agreement to establish the existence of an unequal relationship between the contracting parties before the burden shift will be triggered. *Id.* at 754-55.

After a careful review of Harding's arguments on appeal, we affirm the dismissal of her fraud claims for substantially the reasons set forth in the district court's thorough and well-reasoned opinion. We see no error in the district court's determination that Harding failed to make the kind of showing needed to shift the burden of proving the absence of fraud to Naseman. Nor did the district court clearly err in concluding that Harding never actually received a falsified tax return prepared by Naseman, or otherwise err in determining that Naseman had made no material misrepresentations of fact, therefore holding that Harding's claim for fraudulent misrepresentation failed. Finally, the court correctly held that Naseman had no duty to disclose the valuation of assets of which Harding was otherwise aware, and thus that Harding's claim for fraudulent concealment

3

also failed.  *See, e.g.*, *Kojovic v. Goldman*, 823 N.Y.S. 2d 35, 38-40 (App. Div. 1st Dep't 2006).

We similarly affirm the dismissal of Naseman's counterclaim for attorneys' fees for substantially the reasons articulated by the district court.  New York courts strictly construe provisions of property settlement agreements that provide for the recovery of attorneys' fees in the event of subsequent litigation, s*ee, e.g.*, *Gottlieb v. Such*, 740 N.Y.S. 2d 44, 45 (App. Div. 1st Dep't 2002), and the district court so construed the instant agreement in dismissing Naseman's counterclaim.

We have considered the parties' remaining arguments and find them to be without merit.  For the foregoing reasons, the district court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk