■ ABELE TRACTOR & EQUIPMENT COMPANY, INC., Appellant, v RJ VALENTE, INC., et al., Respondents. [915 NYS2d 178]—

Egan Jr., J. Appeal from an order of the Supreme Court (McNamara, J.), entered July 7, 2009 in Albany County, which denied plaintiff's motion for reconsideration.

In July 2008, plaintiff commenced this action by filing a summons with notice, seeking to recover moneys allegedly owed to it for the rental by defendant RJ Valente, Inc. of a track excavator, a type of construction equipment. Defendants served a notice of appearance and demand for a complaint in September 2008, but one was not forthcoming until that November.* Shortly thereafter, defendants served an answer and moved to dismiss for failure to timely serve a complaint, and plaintiff cross-moved for an order curing the late service (*see* CPLR 3012 [b], [d]). Supreme Court granted defendants' motion and denied

---

* Under CPLR 3012 (b), plaintiff was required to serve a complaint within 20 days after service of the demand.

plaintiff's cross motion, following which plaintiff sought reargument and/or renewal and obtained a stay preventing entry of the initial order until a decision on that motion was rendered. That motion was also denied, and plaintiff appeals.

Plaintiff seeks review of both Supreme Court's order granting defendants' motion to dismiss and the motion seeking reargument and/or renewal. However, defendant failed to enter the first order granting defendants' motion to dismiss when the stay prohibiting such entry was automatically lifted when Supreme Court rendered its decision on the motion for reconsideration. Accordingly, as the original order of dismissal has never been "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]), any appeal from that order is not before us at this time (see CPLR 5513, 5515; Matter of New York Cent. & Hudson Riv. R.R. Co., 60 NY 112, 115 [1875]; Matter of Raes Pharm. v Perales, 181 AD2d 58, 63 [1992]; James Talcott Factors v Larfred, Inc., 115 AD2d 397, 400 [1985], appeal dismissed 67 NY2d 645 [1986], lvs dismissed 67 NY2d 604, 736 [1986]). The only appeal properly before us is from the order denying plaintiff's motion for reconsideration. To the extent that plaintiff's motion is one to reargue, the denial of it is not appealable (see Pryba v Pryba, 70 AD3d 1109, 1109 n [2010]; 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1396 n 4 [2009], lv denied 14 NY3d 706 [2010]). Insofar as the motion is one to renew, an appeal is appropriate; however, our review does not extend to the merits of the original order of dismissal unless the renewal motion should have been granted "based on new and previously undiscoverable material facts" (First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 292 [1999]). As plaintiff offered no excuse for its failure to offer the new evidence presented on its renewal motion as part of its original cross motion, renewal was properly denied, and we cannot reach the underlying merits (see 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d at 1396-1397).

Spain, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.