Kavanagh, J.
Appeal from an order of the Supreme Court (Connolly, J.), entered March 7, 2011 in Albany County, which denied plaintiffs request for an award of counsel fees.
In August 2007, defendants purchased property within the East Ridge subdivision located in the Town of Colonie, Albany County, which lies adjacent to a golf course owned by plaintiff. Plaintiff sold the land upon which the subdivision is located *1409 and, at the time of sale, entered into a restrictive covenant with the subdivision developer providing that homeowners within the subdivision could not erect a fence upon their property “until plans for such fences . . . have been submitted to and approved by the [Architectural Control Committee].”*
After purchasing the property, defendant Margaret E Holbritter spoke with Edward O’Connor, plaintiff’s president, regarding defendants’ desire to install a fence on their property. Holbritter concedes that she never obtained permission as required by the restrictive covenant prior to installing the fence.
Plaintiff commenced this action seeking to enforce the restrictive covenant and for an award of counsel fees. Supreme Court found that defendants had installed the fence in violation of the covenant and ordered it removed. The court also found that while the covenant referenced legal fees, it did not mandate that they be awarded and concluded that since defendants had not acted in bad faith in erecting the fence, such an award would not be appropriate under the circumstances. Plaintiff now appeals.
“It is well settled in New York that a prevailing party may not recover attorneys’ fees from the losing party except where authorized by statute, agreement or court rule” (U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597 [2004] [citations omitted]; see Flemming v Barnwell Nursing Home & Health Facilities, Inc., 15 NY3d 375, 379 [2010]; Chapel v Mitchell, 84 NY2d 345, 348-349 [1994]; Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]), and that a written agreement providing for such fees should be strictly construed (see Gottlieb v Such, 293 AD2d 267, 268 [2002], lv denied 98 NY2d 606 [2002]). Here, the covenant in relevant part reads as follows: “Enforcement of these restrictions shall be by legal proceedings against the person or persons violating or attempting to violate the same to either restrain or correct any violation and to recover monetary damages, including legal fees and costs, incurred in enforcing compliance with these restrictions.” As written, the covenant does not state that legal fees incurred in enforcing it will be paid by the party against whom such a proceeding is commenced; rather, it merely references the fact that legal proceedings initiated to enforce the covenant may include a request for such fees. Therefore, we cannot agree with plaintiff that the covenant mandated the imposition of counsel fees, and Supreme Court’s order is, in all respects, affirmed.
Peters, P.J., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

 The Committee was organized under the covenant and was to consist of individuals representing both plaintiff and residents of the subdivision.