214 WALL STREET ASSOCIATES, LLC, Respondent, v MEDICAL ARTS-HUNTINGTON REALTY, Appellant. [953 NYS2d 124]—

The plaintiff, 214 Wall Street Associates (hereinafter 214 Wall), and the defendant, Medical Arts-Huntington Realty (hereinafter Medical Arts), entered into an agreement wherein Medical Arts agreed to purchase a parcel of real estate owned by 214 Wall, after 214 Wall developed the parcel for Medical Arts's use. Disputes arose between the parties during the development of the parcel. In order to facilitate the closing of title, and preserve their respective rights and disputed claims, the parties entered into a "Survival Agreement." The Survival Agreement identified and preserved the claims of the parties and, as relevant to this appeal, provided that the prevailing party in any litigation "arising under or in connection with" the Survival Agreement would be entitled to "recover from the other party the expenses of litigation (including reasonable attorneys' fees, expenses and disbursements) incurred by the prevailing party."

Subsequently, 214 Wall commenced this action, inter alia, to recover damages based on its claims in the Survival Agreement, and Medical Arts counterclaimed. A jury trial was held and a verdict was returned, wherein 214 Wall was awarded the sum of $39,317.58 on its claims and Medical Arts was awarded the sum of $133,904.00, resulting in a net award to Medical Arts in the sum of $94,586.42.

In October 2010, Medical Arts, as the prevailing party, moved for an award of its expenses of litigation, including an attorney's fee in the sum of $391,468.57, related expenses in the sum of $19,194.67, and expert witness costs in the sum of $36,952.12 (hereinafter the first fee motion). In an order dated April 18, 2011, the Supreme Court awarded Medical Arts expert fees and related expenses in the sum of $56,146.79 and an attorney's fee in the sum of $123,104.63.

Medical Arts thereafter made a second motion for an award of costs and an attorney's fee, seeking recompense for the attorney's fee and costs incurred after the verdict was rendered, including, inter alia, sums incurred in correcting an error in the trial abstract, in entering its judgment, in seeking to enforce the judgment, and in making the first fee motion (hereinafter the second fee motion).

The Supreme Court denied the second fee motion in its entirety. The defendant appeals and we affirm.

The "American Rule," which is followed in New York, is that "[a]n attorney's fee is merely an incident of litigation and is not recoverable absent a specific contractual provision or statutory authority" (*Levine v Infidelity, Inc.*, 2 AD3d 691, 692 [2003]; *see Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]; *Gorman v Fowkes*, 97 AD3d 726 [2012]). Accordingly, a contractual provision permitting the prevailing party to recover fees that are " 'incidents of litigation' should be construed strictly" (*Gottlieb v Such*, 293 AD2d 267, 268 [2002], quoting *Matter of A.G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]; *see also Hooper Assoc. v AGS Computers*, 74 NY2d 487 [1989]). A promise assuming the obligation to pay the attorney's fee of another "should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*Hooper Assoc. v AGS Computers*, 74 NY2d at 491-492).

The pertinent clause in the Survival Agreement does not contain language clearly permitting Medical Arts to recover from 214 Wall the costs and the attorney's fee sought in the second fee motion. The possible recovery of such posttrial costs and counsel fees is not addressed by the Survival Agreement in a clear and decided fashion. Even if the Survival Agreement could "arguably support an implied right" to those costs and fees, the public policy of the American Rule "militate[s] against adoption of that interpretation" (*Baker v Health Mgt. Sys.*, 98 NY2d 80, 88 [2002]; *see Doyle v Allstate Ins. Co.*, 1 NY2d 439 [1956]; *546-552 W. 146th Street LLC v Arfa*, 99 AD3d 117 [1st Dept 2012]; *Swiss Credit Bank v International Bank*, 23 Misc 2d 572 [1960]).

The remaining contention of Medical Arts is without merit.

Accordingly, the Supreme Court properly denied the second fee motion. Skelos, J.P., Balkin, Cohen and Miller, JJ., concur.