Stein, J.
Appeals (1) from an order of the Family Court of Albany County (M. Walsh, J.), entered June 7, 2010, which, in a proceeding pursuant to Family Ct Act article 4, determined, among other things, the parties’ pro rata shares of their son’s college expenses, and (2) from an amended order of said court, entered December 10, 2010, which, upon reargument, modified the prior order.
These appeals concern the parties’ respective obligations to contribute to their child’s college education expenses. The parties are the divorced parents of three children (born in 1989, 1992 and 1995). Their May 2005 separation agreement, which was incorporated, but not merged, in a judgment of divorce in November 2007 provided, among other things, that petitioner (hereinafter the mother) and respondent (hereinafter the father) would each contribute toward the reasonable college education expenses of their children “according to their relative means and abilities at the time of attendance.” Their oldest child (hereinafter the child) began attending Embry-Riddle Aeronautical University (hereinafter ERAU) in the fall of 2007, and it appears that the parties ultimately agreed to equally share his expenses for that academic year.
In October 2008, the mother filed an enforcement petition, seeking, among other things, to compel the father to reimburse her for his proportional share of the child’s educational expenses at ERAU for the fall 2008 semester. Following a hearing, a Support Magistrate found the father to be in violation of the parties’ judgment of divorce and directed him to, among other things, pay arrears for the child’s college expenses. In July 2009, Family Court granted the father’s written objections to the Support Magistrate’s order, concluding that the father could not be held in violation of the judgment of divorce with regard to the child’s 2008-2009 college expenses because, at the time that the mother’s petition was filed, the parties’ relative contributions had not yet been determined for that academic year. Family Court also calculated each parent’s proportional share of the child’s fall 2008 college expenses based upon their respective net incomes[1] —including a wage deduction for the father’s child support payments to the mother — and directed that a hearing be held to determine the credits to be awarded to each parent for payments made toward such expenses.
In June 2010, following another hearing and further submis *1200 sions by the parties, Family Court entered an order determining, among other things, that based upon a change in the father’s income, the mother’s proportional share of the child’s college expenses for the period on or after July 1, 2009 was 52% and the father’s share was 48%. Family Court also set forth the credits to which each parent was entitled for various expenses that they had paid covering the period from the fall of 2008 through the fall of 2009.[2] In doing so, Family Court determined that the child’s off-campus flights constituted “reasonable college expenses” within the terms of the parties’ separation agreement and awarded each party a credit for the amounts they had paid for such flights in excess of their respective proportional shares. In a December 2010 amended order, Family Court recalculated the credits previously awarded to the mother based upon a mathematical error reflected in the October 2010 order. The mother now appeals from the June 2010 order and the December 2010 amended order.
As limited by her brief, the mother raises three issues on this appeal. She contends that the cost of certain off-campus flights undertaken by the child should not have been considered as reasonable college education expenses, that the father’s child support payments should not have been deducted from his income in determining the parties’ proportional shares of the child’s college expenses and that she is entitled to an award of counsel fees for her legal expenses incurred in connection with her Family Court enforcement petition and with this appeal.
We begin with the child’s off-campus flights. The parties’ separation agreement defines “ ‘reasonable’ college education expenses” as including “tuition, room and board, registration fees, required books, academic fees, reasonable recreation expenses . . . spending allowance, tutorial assistance, laboratory equipment and supplies, and appropriate transpiration [sic] costs . . . between the child’s primary residence and the school.” It is uncontroverted that all of the disputed flights occurred while the child was enrolled as a student at ERAU. While the mother submitted an affidavit from the child alleging that the flights were not part of ERAU’s curriculum and that he did not obtain proper approval from the school in order to receive any college credit for them, the father provided documentation from the school that a student pursuing a flight minor — as the *1201 child did — was permitted to complete flight training off campus.[3] The father also testified that the child had requested that he pay for off-campus flight instruction — which the child claimed would be less expensive than on-campus instruction — so that he could log sufficient flight hours to obtain his degree. The father gave the child a credit card, which was placed on file with the off-campus flight centers where the child chartered airplanes.
While the father may have been unduly lax in monitoring the flight expenses incurred by the child and in verifying that they were directly school related, the record as a whole reveals that the parties were generally supportive of the child’s pursuit of a career in aviation. According deference to Family Court’s findings (see Matter of Kayla J. [Michael J.], 74 AD3d 1665, 1666 [2010]), we cannot conclude that Family Court abused its broad discretion in determining that the flights in question constituted a reasonable college education expense under the expansive definition of that term in the parties’ separation agreement — either as a direct school-related expense or a recreational expense — particularly given the child’s chosen course of study.
However, the record is insufficient to enable us to adequately review Family Court’s determination of the parties’ relative obligations toward the child’s college expenses. Family Court simply subtracted from their gross incomes the deductions set forth on their respective pay stubs[4] in order to determine their proportional shares of such expenses. While we do not necessarily disagree with Family Court’s determination that the child support deductions from the father’s pay should be taken into account (see Matter of MacVean v MacVean, 203 AD2d 661, 663 [1994]), we are of the view that some consideration should have been given to other factors, including the mother’s contributions to the children’s support (see generally Holterman v Holterman, 3 NY3d 1, 10 n 8 [2004]; Matter of Burton v Burton, 14 AD3d 915, 917 [2005]). Notably, the parties’ agreement provides that their obligations are to be based on their “relative means and abilities.” While this may be reflected in their net incomes, additional information — with regard to, for example, the parties’ financial resources, expenses and other financial obliga *1202 tions — is necessary to enable us to make that assessment.[5] Inasmuch as the record is bereft of such information, we must remit this matter to Family Court.
Finally, the parties’ separation agreement provides for an award of counsel fees only when a party obtains relief for a breach or default with respect to such agreement. Construing the agreement strictly, as we must (see Schuyler Meadows Country Club, Inc. v Holbritter, 95 AD3d 1408, 1409 [2012], lv denied 19 NY3d 813 [2012]; Gottlieb v Such, 293 AD2d 267, 268 [2002], lv denied 98 NY2d 606 [2002]), we find no basis for an award of counsel fees under the circumstances here.
Peters, EJ., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the order and amended order are modified, on the law, without costs, by reversing so much thereof as fixed the parties’ proportionate share of college expenses and fixed the amount that petitioner was required to reimburse respondent; matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court’s decision; and as so modified, affirmed.

. The father’s and mother’s shares were determined to be 56% and 44%, respectively.

. Such credits were readjusted in an October 2010 order following a motion by the father for reargument.

. Notably, there was evidence that the child had switched from a major in flight to a minor in flight at least in part to avoid a requirement that all flights be conducted on campus in order to obtain credits therefor.

. We note that the father’s pay stub is not in the record supplied to us.

. Although we may generally exercise our own factual review power (see Matter of Joshua UU. [Jessica XX. — Eugene LL.], 81 AD3d 1096, 1099 [2011]), the parties have omitted from the record before us the exhibits received in evidence at the hearing, which include, among other things, multiple documents pertaining to the parties’ finances.