*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 7, 2016                    520652
_____

MELISSA STRYKIEWICZ, Now
    Known as MELISSA
    FRANKLIN,
                        Appellant,
          v                                MEMORANDUM AND ORDER

DANIEL J. STRYKIEWICZ,
                        Respondent.
_____

Calendar Date:  November 24, 2015

Before:  Garry, J.P., Rose, Lynch, Devine and Clark, JJ.

_____

        Gordon, Tepper & Decoursey, LLP, Glenville (Jenifer M.
Wharton of counsel), for appellant.

        Daniel Strykiewicz, Carlsbad, California, respondent
pro se.

_____

Rose, J.

        Appeals (1) from an order of the Supreme Court (Ferradino,
J.), entered May 16, 2014 in Saratoga County, which, among other
things, partially denied plaintiff's cross motion to modify the
parties' separation agreement, and (2) from an order of said
court (Chauvin, J.), entered August 25, 2014 in Saratoga County,
which denied plaintiff's motion for reargument.

        Plaintiff and defendant, who are the parents of two
children (born in 1993 and 1996), executed a separation agreement
containing terms, among others, obligating defendant to make
monthly child support payments in specified amounts until each
child's 21st birthday and generally requiring both plaintiff and

defendant to share in the costs of each child's college education. The separation agreement was thereafter incorporated, but not merged, into the parties' 2007 judgment of divorce. Over the ensuing years, Supreme Court (Ferradino, J.) issued a series of modification orders adjusting defendant's child support payments. However, because the orders did not contain the termination dates of his support obligations, defendant moved to correct the most recent order to include such dates and to modify the amount of his support payments downward as of the impending date of the oldest child's 21st birthday.

Plaintiff then cross-moved to require defendant to contribute toward the children's college expenses and for counsel fees, among other things. Ultimately, Supreme Court granted defendant's motion, reducing his child support obligation as of the date of the oldest child's 21st birthday in July 2014 and terminating defendant's obligation altogether upon the 21st birthday of the youngest child in March 2017. As for plaintiff's cross motion, the court denied her requests to determine defendant's contribution to the children's college expenses and for counsel fees, but otherwise granted her motion. She subsequently moved to reargue, and Supreme Court (Chauvin, J.) denied her request. Plaintiff now appeals from both orders.[1]

Inasmuch as defendant failed to provide statutorily required financial information in support of his request for a downward modification of the amount of his support payments as of the eldest child's 21st birthday, Supreme Court (Ferradino, J.) erred in granting his motion. Defendant submitted two pay stubs attached to a series of unsworn affidavits, without a statutorily required sworn statement of net worth (see Domestic Relations Law § 236 [A] [2]; 22 NYCRR 202.16 [b], [k] [2]). Ordinarily, when a party fails to provide a net worth statement in a support proceeding, the court's proper course is "'to decline to hear the

_____

[1] Plaintiff's appeal from the order of Supreme Court (Chauvin, J.) denying her motion for reargument must be dismissed because the denial of such a motion is not appealable (see Hoover v State of New York, 80 AD3d 1020, 1020 [2011]; Abele Tractor & Equip. Co., Inc. v RJ Valente, Inc., 79 AD3d 1331, 1332 [2010]).

motion . . . or to deny it without prejudice to renewal upon compliance with the applicable requirements'" (Garcia v Garcia, 104 AD3d 806, 806 [2013], quoting Matter of Fischer-Holland v Walker, 12 AD3d 671, 672 [2004]). However, in light of defendant's pro se status and his clear entitlement to a downward modification of his support obligation, we will remit for a hearing on the issue of the amount to enable the court to consider the parties' relative financial circumstances (see Harold v Harold, 133 AD3d 1376, 1378 [2015]).

Supreme Court also incorrectly treated plaintiff's cross motion as one to modify the terms of the separation agreement, rather than as a motion to enforce its terms. The separation agreement simply states that plaintiff and defendant will share the children's college education expenses "according to [the parties'] relative means and abilities[.]" In our view, the record "supports [plaintiff's] assertion that, although her application was styled as a modification, it should instead be viewed as a request for enforcement. The clear language of [the agreement] reveals that the parties initially considered the [children's] pursuit of a college education, intended to contribute to that pursuit, and 'contemplated a later determination by the court concerning the sharing of educational expenses when appropriate'" (Matter of Covington v Boyle, 127 AD3d 1393, 1394 [2015], quoting Matter of Antes v Miller, 304 AD2d 892, 893 [2003]). Because plaintiff's cross motion sought an initial determination of proportionate college expenses to be paid by each party, rather than a readjustment of their fixed support obligations (see Matter of Covington v Boyle, 127 AD3d at 1394), Supreme Court erred in requiring plaintiff to make a showing of an unreasonable or unanticipated change in circumstances. Instead, the court should have made a determination regarding the parties' relative means and abilities to pay for the children's college education. In light of this, we must remit this issue to Supreme Court, as the record before us is insufficiently developed with regard to defendant's financial resources for us to determine the parties' relative means and abilities to contribute to the children's college expenses (see Matter of Costa-Daley v Daley, 100 AD3d 1198, 1201-1202 [2012]).

Finally, Supreme Court erroneously denied plaintiff's request for counsel fees on the basis of her failure to make an unnecessary evidentiary showing of a change in circumstances. Although plaintiff has sufficiently established the value of the legal services rendered to her, we must also remit this matter to Supreme Court for a hearing, as "a sufficient evidentiary basis [does not] exist for [us] to evaluate the respective financial circumstances of the parties" (Matter of Buono v Fantacone, 252 AD2d 917, 919 [1998]; see Domestic Relations Law § 237 [b]; Matter of Brennan v Brennan, 109 AD2d 960, 962 [1985]).

Garry, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that the order entered May 16, 2014 is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to modify his child support obligation and denied that part of plaintiff's cross motion as sought contribution from defendant for the children's college expenses and as denied her request for counsel fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision and, pending said proceedings, the terms of the child support order dated February 5, 2013 shall remain in effect on a temporary basis; and, as so modified, affirmed.

ORDERED that the appeal from the order entered August 25, 2014 is dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court