*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 22, 2016                    522081
_____

In the Matter of CARLTON
    WALKER,
                          Appellant,

            v                           MEMORANDUM AND ORDER

JONATHAN LIPPMAN, as Chief Judge
    of the New York Court of
    Appeals, et al.,
                          Respondents.
_____

Calendar Date:  November 21, 2016

Before:  McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

                        _____


        Carlton Walker, Otisville, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Zainab A.
Chaudhry of counsel), for respondents.

                        _____


McCarthy, J.P.

        Appeal from a judgment of the Supreme Court (Young, J.),
entered July 30, 2015 in Albany County, which, among other
things, denied petitioner's motion to reargue and/or renew.

        Petitioner, an inmate serving a prison sentence of 25 years
to life (People v Walker, 143 AD2d 784, 784 [1988]),
unsuccessfully sought at various times, including most recently
in 2014, a writ of error coram nobis, all of which requests were
denied.  After the Court of Appeals dismissed petitioner's motion
for leave to appeal from the denial of his 2014 application for
coram nobis relief, petitioner commenced this CPLR article 78
proceeding challenging, among other things, the constitutionality

of the procedures for seeking coram nobis relief (see generally People v Andrews, 23 NY3d 605, 610-612 [2014]) and for appealing the denial of such relief to the Court of Appeals (see CPL 450.90). By judgment entered May 27, 2015, Supreme Court granted respondents' motion to dismiss the petition for failure to state a cause of action. Petitioner subsequently moved for reargument and renewal and, on June 23, 2015, also requested an extension of time to file a notice of appeal from the May 27, 2015 judgment notwithstanding that the time to appeal from that judgment had not yet expired (see CPLR 5513 [a]).[1] In a July 2015 judgment, Supreme Court denied petitioner's requests. Petitioner now appeals from the July 2015 judgment.[2]

Petitioner seeks review of Supreme Court's July 2015 judgment denying both his motion seeking reargument and/or renewal and his request for an extension of time to appeal from the May 2015 judgment. Insofar as petitioner challenges Supreme Court's denial of his motion to reargue (see CPLR 2221 [d] [2]), the court's denial of that motion is not appealable (see Strykiewicz v Strykiewicz, 135 AD3d 1030, 1031 n [2016]; Abele Tractor & Equip. Co., Inc. v RJ Valente, Inc., 79 AD3d 1331, 1332 [2010]). To the extent that petitioner's motion is construed as one to renew, the motion was properly denied as petitioner failed to demonstrate that his "motion should have been granted 'based on new and previously undiscoverable material facts'" (Abele Tractor & Equip. Co., Inc. v RJ Valente, Inc., 79 AD3d at 1332, quoting First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 292 [1999]; see CPLR 2221 [e], [f]).

Finally, we note that inasmuch as the time within which to take an appeal as of right is strictly limited (see CPLR 5513 [a]), with certain limited statutory exceptions (see CPLR 5514

---

[1] On June 1, 2015, petitioner was served by mail with notice of entry of the May 27, 2015 judgment.

[2] With regard to petitioner's appeal from the May 2015 judgment, by order dated August 5, 2016, this Court granted respondents' motion to dismiss that portion of his appeal as untimely (2016 NY Slip Op 82266[U] [2016]).

[c]; <u>City of Mount Vernon v Mount Vernon Hous. Auth.</u>, 235 AD2d 516, 517 [1997]), we discern no circumstances here that would permit us to disturb Supreme Court's July 2015 judgment denying petitioner's request for an extension of time to appeal from the May 2015 judgment (<u>see</u> CPLR 5514 [c]; <u>Brodeur v Hayes</u>, 18 AD3d 979, 981-982 [2005], <u>lv dismissed</u>, <u>lv denied</u> 5 NY3d 871 [2005]; <u>O'Hearn v O'Hearn</u>, 55 AD2d 766, 769 [1976]).  We have considered petitioner's remaining contentions and find them to be without merit.

Lynch, Rose, Clark and Aarons, JJ., concur.

ENTER:

Robert D. Mayberger
Clerk of the Court

ORDERED that the judgment is affirmed, without costs.