Rose, J.
 

 Appeal from an order of the Supreme Court (Ryba, J.), dated October 27, 2016 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to Election Law § 16-102, to, among other things, invalidate certain members of the Reform Party State Committee.
 

 Petitioner, an enrolled member of the New York State Reform Party (hereinafter the Reform Party), initiated this proceeding, contending, among other things, that members of the Reform Party State Committee (hereinafter collectively referred to as respondents) who had been elected could not actually constitute the Reform Party State Committee due to alleged rule violations. Thereafter, Supreme Court dismissed the petition based on, among other things, respondents’ affirmative defense that petitioner had failed to join necessary parties. Particularly, the court found that petitioner had not named or served the Reform Party or Matthew Mari, a candidate elected to the Reform Party State Committee, and it further found that their nonjoinder could not be excused. Petitioner appeals.
 

 As a threshold matter, and as petitioner’s counsel acknowledged at oral argument, an appeal is not properly before this Court if the order appealed from “was not ‘entered and filed in the office of the clerk of the court where the action is triable’ ” (People v Davis, 130 AD3d 1131, 1132 [2015], quoting CPLR 2220 [a]). The order at issue was neither entered nor filed.
 
 *
 
 Accordingly, the appeal must be dismissed (see CPLR 5515; People v Davis, 130 AD3d at 1132; Abele Tractor & Equip. Co., Inc. v RJ Valente, Inc., 79 AD3d 1331, 1332 [2010]; Matter of Graziano v County of Albany, 12 AD3d 819, 820 [2004]; cf. Matter of New York Cent. & Hudson Riv. R.R. Co., 60 NY 112, 115 [1875]; see generally James Talcott Factors v Larfred, Inc., 115 AD2d 397, 400 [1985], lvs dismissed 67 NY2d 605, 736 [1986], appeal dismissed 67 NY2d 645 [1986]).
 

 McCarthy, J.P., Devine, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the appeal is dismissed, without costs.
 

 *
 

 After oral argument, petitioner provided us with a copy of the order that reflects that it was “received” by the Albany County Clerk’s office. However, there is no indication that the order was filed or entered as required by CPLR 2220. We note that Supreme Court’s order explicitly stated that it was transferring the papers to the Albany County Clerk and returning the original order to counsel for respondents. Significantly, Supreme Court notified the parties that the signing of the order did not constitute entry or filing or relieve them of the obligation to do so pursuant to CPLR 2220.