U.S. Bank Trust N.A. v McTarnaghan (2022 NY Slip Op 04602)

U.S. Bank Trust N.A. v McTarnaghan

2022 NY Slip Op 04602

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

533602
[*1]U.S. Bank Trust National Association, as Trustee, Respondent,
v
Christopher McTarnaghan et al., Defendants, and Wayne Carignan et al., Appellants.

Calendar Date:May 24, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and McShan, JJ.

Wayne Carignan, Scotia, appellant pro se.
Robert Garrasi, Clifton Park, appellant pro se.
Kevin Clancy, Albany, appellant pro se.
Friedman Vartolo LLP, New York City (Ronald Labeck of counsel), for respondent.

Clark, J.
Appeal from an order of the Supreme Court (Zwack, J.), dated March 9, 2020 in Rensselaer County, which, among other things, denied a motion by defendants Wayne Carignan, Kevin Clancy and Robert Garrasi for leave to serve a late answer.
In 2019, plaintiff commenced the instant mortgage foreclosure action against defendants Christopher McTarnaghan, Jennifer McTarnaghan and other unknown persons listed as John Doe, alleging that they had defaulted on a note secured by certain real property located in Rensselaer County. Before plaintiff commenced the action, the McTarnaghans had executed a quit claim deed and sold the premises at issue to defendants Wayne Carignan, Kevin Clancy and Robert Garrasi (hereinafter collectively referred to as defendants). However, the quit claim deed was not recorded in the Rensselaer County Clerk's office until roughly three weeks after plaintiff filed the complaint, and the McTarnaghans were served with process in the meantime. Thereafter, the McTarnaghans filed a pre-answer motion to dismiss arguing that plaintiff lacked capacity to sue, and Supreme Court denied the motion. In October 2019, defendants moved to intervene, asserting that, as the owners of record, they are necessary parties to the action. By order dated March 9, 2020, Supreme Court treated defendants' application as seeking to both intervene in the action and serve a late answer. The court, among other things, granted so much of defendants' application seeking to intervene and amended the caption to reflect as much, but denied that part of defendants' motion seeking to serve a late answer and instead treated their proposed answer as a notice of appearance. Defendants appeal.
Defendants argue that they have the right as intervenors to answer the complaint. However, as plaintiff points out, defendants attempt to appeal from an order that was never entered. For an appeal to be properly before this Court, the order must be "entered and filed in the office of the clerk of the court where the action is triable" (CPLR 2220 [a]; see Matter of Merrell v Sliwa, 156 AD3d 1186, 1187 [2017]). In the absence of any evidence that the March 2020 order was entered and filed with the Office of the Clerk of the County of Rensselaer, the appeal is not properly before us and therefore must be dismissed (see CPLR 5515 [1]; Matter of Merrell v Sliwa, 156 AD3d at 1187; Abele Tractor & Equip. Co., Inc. v RJ Valente, Inc., 79 AD3d 1331, 1332 [2010]).
Lynch, J.P., Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the appeal is dismissed, without costs.